Trampas Edward FOSTER, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–01–00637–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 6, 2002.

Thomas W. McQuage, Texas City, for Appellant.

B. Warren Goodson, Jr., Assistant District Attorney, Galveston, for Appellee.

Panel consists of Justices MIRABAL, TAFT and PRICE.[1]

## OPINION

TIM TAFT, Justice.

Appellant, Trampas Edward Foster, pled guilty to the offense of sexual assault of a child and was placed on deferred adjudication community supervision for 10 years. A year later, appellant tested positive for marijuana and violated provisions of his community supervision, and a judge modified his community supervision to require serving 60 days in jail. A year later, the trial court adjudicated appellant for committing the offense of burglary of a habitation and for violating several provi-

1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

sions of his community supervision. The trial court sentenced him to 15 years in prison. In two issues, appellant contends the trial court erred by not allowing closing argument and evidence in mitigation of punishment before announcing sentence. We affirm.

### Facts

In January 2001, appellant admitted to police that he burglarized a home on Christmas Eve. Prior to his admission, appellant stated that he understood his rights and volunteered to speak with the police. Appellant never requested an attorney. Detective Joe Stanton, who questioned appellant, stated that he had not promised appellant any favors in exchange for cooperation, and that he had not threatened appellant. Six days later, Detective Brian Goetschius took another statement from appellant at the Galveston County Jail. Goetschius stated that he gave appellant the statutory warnings, and appellant waived his rights and gave another statement admitting to the burglary.

Appellant's community supervision officer, Jeri McCoy, testified that appellant was behind in fees in the amount of $1,006.25 and had failed to pay any fees since he had been placed on community supervision. She also stated that appellant had only completed six hours of 320 hours of required community service, and only 30 days of a 60–day jail term as required by his modified community supervision.

Appellant testified that he had wanted an attorney and did not want to give a statement, but that Detective Stanton threatened to keep appellant in custody for three days. Appellant also testified Stanton stated that the district attorney would look favorably on his case if he cooperated, and the police were interested in another suspect. Appellant claimed that he did not

commit the burglary and learned about it solely from listening to other men brag about it. Appellant claimed he was behind on his payments only because he had a broken arm and could not get a job.

At the conclusion of his testimony, the trial court asked if appellant had anything else to tell the court, and appellant responded that he did not. After the State cross-examined appellant, the defense rested. The trial court then found true all of the allegations of the State's motion to revoke deferred adjudication community supervision, adjudicated his guilt, and sentenced appellant to 15 years in prison.

### Closing Argument

■ In his first issue, appellant contends the trial court violated his constitutional right to counsel by not hearing closing argument prior to adjudicating guilt. The right to closing argument is crucial to the adversarial fact-finding process and is no less critical at a revocation hearing. *Ruedas v. State*, 586 S.W.2d 520, 524 (Tex. Crim.App.1979). The trial court abuses its discretion by denying counsel the right to make a closing argument. *Id.*

In *Ruedas*, defense counsel explicitly requested argument and was refused. *Ruedas*, 586 S.W.2d at 522. In the instant case, however, no such request was made, and the trial court did not refuse to allow appellant to make closing arguments or present evidence. To the contrary, the trial court asked appellant if he had anything else to add, and he responded that he did not. In order to preserve error for review, appellant must notify the trial court that he wished to make a closing argument, be refused that opportunity, and then make a timely objection to the trial court's ruling. *Cf. Ruedas v. State*, 586 S.W.2d at 522 (holding trial court abused its discretion by refusing defendant's request for closing argument when

defense counsel explicitly requested it); Tex.R.App. P. 33.1(a). In the instant case, no such request was made, and, consequently, appellant has not preserved error for review.

We overrule appellant's first issue.

### Evidence in Mitigation

 In his second issue, appellant contends that the trial court erred by not allowing evidence mitigating punishment prior to sentencing him.

Although appellant is entitled to present evidence at a separate hearing following an adjudication of guilt, he must preserve error for appeal. *Cf. Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App.1992). In *Issa*, the defendant was not permitted to make an objection, and, instead, stated in his motion for new trial that, had he been allowed to present evidence, he would have pointed out his lack of a prior arrest record and his difficulty in comprehending and communicating in the English language. *Id.* Here, appellant was given an opportunity to object and present additional evidence, and, by refusing to do so, appellant failed to preserve error. *Hardeman v. State*, 1 S.W.3d 689, 690–91 (Tex.Crim.App.1999). Additionally, without a record of what evidence would have been presented, appellant has not preserved this complaint for appellate review. *Hardeman v. State*, 981 S.W.2d 773, 775 (Tex.App.—Houston [14th Dist.] 1998), *aff'd*, 1 S.W.3d 689 (Tex.Crim.App.1999). Thus, where the trial court precludes a defendant from presenting punishment evidence, that defendant must make his objection and offer of proof at the first opportunity, even if it is at the motion for new trial hearing.

In the present case, no objection was made prior to the trial court's ruling. Moreover, in his motion for new trial, appellant only stated that "in support of his motion would show the defendant's conviction was contrary to the law and the evidence." Therefore, appellant has not preserved error for review.

We overrule appellant's second issue.

### Conclusion

We affirm the judgment of the trial court.