COURT OF APPEALS









COURT
OF APPEALS

EIGHTH
DISTRICT OF TEXAS

EL
PASO, TEXAS

 

WILLIAM HEATH DANGERFIELD,                  )

                                                                              )              
No.  08-02-00115-CR

Appellant,                          )

                                                                              )                    Appeal from the

v.                                                                           )

                                                                              )               
238th District Court

THE STATE OF TEXAS,                                     )

                                                                              )          
of Midland County, Texas

Appellee.                           )

                                                                              )                
(TC# CR-24,316)

                                                                              )

 

 

O
P I N I O N

 

Appellant, William
Heath Dangerfield, appeals the revocation of community supervision and
attendant sentence of five years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice.  He raises a single issue on
appeal:  whether the trial court violated
his fundamental due process rights by failing to allow Appellant to present
closing arguments prior to the assessment of punishment at the community
supervision revocation hearing.  We
affirm.








Appellant was
indicted for and pled guilty to a charge of burglary of a habitation in
1998.  The trial court sentenced him to
five years=
confinement in the Institutional Division of the Texas Department of Criminal
Justice, but suspended that sentence and placed him on community supervision
for a term of ten years.  On March 7,
2002, a revocation of community supervision hearing was held.  Appellant pled Anot
true@ to
allegations he had violated the terms of his community supervision.  After hearing witnesses for both the State
and Appellant, the trial court found the allegations in the State=s motion to revoke to be true.  Accordingly, Appellant=s
community supervision was revoked and he was sentenced to five years= confinement.  

Appellant argues
the trial court erred by failing to allow him to make a closing argument prior
to the assessment of punishment at the revocation hearing.  He maintains he was not afforded minimum due
process rights under Texas and federal law. 
In particular, Appellant claims he was not given a meaningful opportunity
to be heard.  

The right to
closing argument is crucial to the adversarial fact-finding process both at
trial and at a revocation hearing.  Ruedas v. State, 586 S.W.2d 520, 524
(Tex.Crim.App. 1979); Foster v. State, 80 S.W.3d 639, 640 (Tex.App.--Houston
[1st Dist.] 2002, no pet.).  Moreover, a
trial court abuses its discretion if it denies defense counsel the right to
make a closing argument.  Ruedas,
586 S.W.2d at 524; Foster, 80 S.W.3d at 640.  This legal standard was set forth by the
Texas Court of Criminal Appeals in Ruedas v. State.

In Ruedas,
defense counsel expressly requested closing argument and was refused.  Ruedas, 586 S.W.2d at 522.  Here, the State presented one witness at the
revocation hearing before resting. 
Appellant then called three witnesses on his behalf.  After the third witness testified, defense
counsel rested and both sides closed. 
The record then reflects that the trial judge stated, A[g]ive me just a moment,@ and there was a pause of some length
before the judge made his findings. 
Neither party made any statements during the pause.  Defense counsel did not object or indicate in
any way that he wished to make a closing argument.








In order to
preserve error for review, a defendant must notify the trial court of his
desire  to make a closing argument, the
trial court must refuse that opportunity, and then the defendant must make a
timely objection to the trial court=s
ruling.  Tex.R.App.P. 33.1(a); Foster, 80 S.W.3d at
640-41.  In this case, no such request
was made and the trial court did not refuse to allow Appellant to make closing
arguments.  Absent such a request or an
objection Appellant has failed to preserve error for our review.  Id. 
Accordingly, Appellant=s
issue on appeal is overruled.  

The judgement of
the trial court is affirmed.

 

 

June
12, 2003

DAVID WELLINGTON
CHEW, Justice

 

Before Panel No. 1

Larsen, McClure, and Chew, JJ.

 

(Do Not Publish)