In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00946-CR
____________

EDUARDO LUIS MARTINEZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 797686



 
MEMORANDUM OPINION
            On March 16, 1999, appellant pled guilty to sexual assault of a child, and the
trial court ordered him placed on community supervision for five years and assessed
a $500 fine. On January 12, 2000, the State filed an amended motion to adjudicate
guilt, alleging that appellant had violated provisions of his community supervision. 
On July 24, 2002, a hearing was held and the trial court found the allegations in the
motion to adjudicate true and found appellant guilty of the original charge. The trial
court assessed punishment at 15 years’ confinement. Appellant contends that the trial
court erred by imposing a 15-year sentence without conducting a separate punishment
hearing after the adjudication of guilt. We affirm.
Background
          Among the conditions of his community supervision, appellant was ordered to
(1) “commit no offense against the laws of this or any other State or of the United
States,” and (2) “report immediately in person to the Community Supervision Officer
for the 177th District Court on the 16th day of March, 1999 and continue to report to
the Community Supervision Officer on the 16th of each month thereafter or as
directed by the Community Supervision Officer for the remainder of the supervision
term unless so ordered differently by the Court.”
          On June 10, 1999, the State filed a motion to adjudicate guilt, alleging that
appellant failed to report to the Community Supervision Officer on March 22, 1999,
as instructed, and had not reported since. On January 12, 2000, the motion was
amended to allege that appellant entered the United States illegally and remained in
the country illegally. Appellant entered a plea of “not true” to the allegation that he
did not report to the Community Supervision Officer, and entered a plea of “true” to
the allegation that he re-entered the United States illegally. 
          Javier Fuentes, a Community Supervision Officer and custodian of the records
of the Harris County Probation Department, testified that appellant reported to the
court liaison officer at the time of his plea but never reported as required thereafter. 
Damon Samudio, a special agent with the United States Immigration and
Naturalization Service, testified that appellant was deported on April 16, 1999,
because he was in this country illegally and was convicted of aggravated sexual
assault. Samudio testified that appellant had not obtained a visa or a work permit to
enter or remain in the United States.
          The trial court found the allegations in the motion to adjudicate true, found
appellant guilty of sexual assault of a child, and assessed punishment at 15 years’
confinement. 
Punishment Hearing
          In his sole point of error, appellant contends that the trial court erred by
imposing a 15-year sentence without conducting a separate punishment hearing after
the adjudication of guilt. Although appellant is entitled to a separate hearing
following adjudication of guilt, he must preserve error for appeal. Issa v. State, 826
S.W.2d 159, 161 (Tex. Crim. App. 1992); Foster v. State, 80 S.W.3d 639, 641 (Tex.
App.—Houston [1st Dist.] 2002, no pet.).
          In Vidaurri v. State, the defendant admitted that he did not object to his
inability to present punishment evidence at the time of sentencing, but claimed that
he was sentenced immediately after being adjudicated guilty. 49 S.W.3d 880, 885
(Tex. Crim. App. 2001). He did not file a motion for new trial. Id. The Court of
Criminal Appeals held that, if a trial court precludes a defendant from presenting
punishment evidence, the defendant must object and make an offer of proof in a
motion for new trial or he waives error. Id. at 886. 
          Here, the trial court stated, in one proclamation, that it revoked appellant’s
probation, found him guilty, and assessed punishment at 15 years’ confinement. 
Appellant admits that he did not object at the time of sentencing, but claims that he
did not have an opportunity to object because the bailiff immediately led him away. 
However, in failing to file a motion for new trial, appellant did not preserve error for
appellate review. 
          We overrule appellant’s sole point of error.

Conclusion
          We affirm the judgment of the trial court.
 
Adele Hedges
                                                                        Justice

Panel consists of Justices Hedges, Nuchia, and Higley.

Do not publish. Tex. R. App. P. 47.2(b).