Opinion issued February 16, 2006



     











In The
Court of Appeals
For The
First District of Texas




NO. 01–04–00945–CR




JERRI NANN REUTER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 351st District Court
Harris County, Texas
Trial Court Cause No. 828707




MEMORANDUM OPINION

          Jerri Ann Reuter, appellant, was charged with the felony offense of forgery of
a commercial instrument on November 13, 1999. Tex. Pen. Code Ann. § 32.21
(Vernon Supp. 2005). Appellant pleaded guilty and the trial court placed her on
deferred adjudication for five years. On November 4, 2003, the State filed a motion
to adjudicate guilt. At the hearing, the judge found four of the five allegations true
and assessed punishment at two years’ confinement in a state jail.
          In two points of error, appellant argues that (1) the trial court’s cumulating
order did not contain the required elements and (2) the trial court erred in not
allowing a punishment hearing after adjudicating appellant’s guilt.
          We affirm.
Background
           In 1999, Jerri Nann Reuter, appellant, was charged with the felony of forgery
of a commercial instrument. Appellant pleaded guilty and the trial court entered an
order deferring adjudication of guilt on November 16, 1999. On November 4, 2003,
the State filed a motion to adjudicate guilt. A hearing was held on August 24, 2004. 
The trial court found four of five allegations true and assessed punishment at two
years’ confinement. This punishment was added cumulatively to a previously
assessed punishment of fifty-two years’ confinement from a conviction in a separate
cause number, 988857.



Cumulating Order
          In her first point of error, appellant argues that the trial court’s cumulation
order is void because it fails to set out the elements required in the order.
          The Texas Court of Criminal Appeals has held that a cumulation order should
contain the following elements: (1) the cause number of the prior conviction; (2) the
correct name of the court in which the prior conviction occurred; (3) the date of the
prior conviction; and (4) the term of years assessed in the prior convictions. Ex parte
San Miguel, 973 S.W.2d 310, 311 (Tex. Crim. App. 1998). It has also held that “a
cumulation order referring only to the previous conviction’s cause number is
sufficient when the trial court entering the order is the same court which heard the
prior cause.” Id. 
          The trial court’s order contains all of the required elements. Appellant argues
that a notation on the judgment for cause number 988857, which mentioned
cumulation, was insufficient. However, the order in the present cause was sufficient. 
We hold there is no error in the trial court’s cumulation order.
          We overrule appellant’s first point of error.
Punishment Hearing
          In her second point of error, appellant argues that the trial court erred in
proceeding directly to sentencing after adjudicating guilt without allowing a hearing
on the punishment.
          Article 42.12, section 5(b) of the Code of Criminal Procedure provides that
after a trial court adjudicates guilt, it must allow the defendant a punishment hearing. 
Tex. Code Crim. Proc. Ann. art. 42.12, § 5(b) (Vernon Supp. 2005). The trial court
“must allow the accused the opportunity to present evidence.” Pearson v. State, 994
S.W.2d 176, 178 (Tex. Crim. App. 1999). The record shows that there was no
punishment hearing after the adjudication of guilt. However, the record also shows
that appellant failed to make any objection to this.
          Although appellant is entitled to present evidence at a separate hearing
following an adjudication of guilt, she must preserve error for appeal. Id. at 179;
Foster v. State, 80 S.W.3d 639, 641 (Tex. App.—Houston [1st Dist.] 2002, no pet.). 
Here, appellant did not object to the court’s failure to offer a hearing on punishment,
nor did appellant raise it in her motion for new trial. Absent these attempts and an
offer of proof of the evidence that would have been presented, appellant has not
properly preserved this error for review. Pearson, 994 S.W.2d at 179; Foster, 80
S.W.3d at 641.
          We overrule appellant’s second point of error.

Conclusion
          We affirm the judgment of the trial court.
 
                                                                        Laura Carter Higley
                                                                        Justice

Panel consists of Justices Taft, Higley, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).