NO. 07-07-0419-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 27, 2008

_____

RICHARD HARLAN CHAPMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4078; HONORABLE STEVE EMMERT, JUDGE

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Pursuant to a guilty plea, Appellant, Richard Harlan Chapman, was convicted by the trial court of possession of marihuana in an amount of 2,000 pounds or less but more than 50 pounds. Punishment was assessed at sixteen years confinement and a $10,000 fine. Appellant presents two points of error contending the trial court abused its discretion in sentencing him to sixteen years confinement (1) in that his trial counsel's request for a

continuance was denied and (2) in effectively denying trial counsel the opportunity to make a closing statement before sentencing. We affirm.

## Background

Appellant was convicted in 1974 for possession of a controlled substance with intent to deliver and served time in a federal prison. According to his testimony, in 2000, he began using methamphetamine because he was depressed. He eventually became indebted to dealers and was physically threatened into trafficking drugs for them. In July 2003, he was stopped in Wheeler County, Texas, and charged with possession of marihuana. Two months later, he was stopped in Columbia County, Georgia, for trafficking drugs and was convicted and sentenced to fifteen years confinement. In 2007, Appellant was released on parole in Georgia, subject to the underlying charge which was still pending in Wheeler County.

## Guilty Plea Hearing

At a hearing conducted on September 13, 2007, both sides announced ready and Appellant entered a guilty plea to the possession charge. Defense counsel later requested leave to withdraw his statement of "ready" and made an oral motion for continuance to make an offer of proof. Counsel explained that he had contacted Appellant's parole officer to testify about Appellant's progress for the nine months he had been on parole. The parole officer reluctantly provided an affidavit (which is included in the presentence

investigation report), but refused to update the affidavit with other favorable information requested by defense counsel.

The State argued that defense counsel was aware of the September 13, 2007 hearing date and that he had received the parole officer's affidavit as early as August 17, 2007, allowing ample opportunity to have the parole officer available for the hearing. Additionally, the State argued the affidavit was sufficient and that the case had already been continued several times.

The trial court denied the oral motion for continuance. The court also commented that Appellant, who chose to testify, could testify to any additional facts not included in the parole officer's affidavit.

Appellant, the only witness at the hearing, testified that during his nine months on parole, he made scheduled visits with his parole officer and was current on his fines. He successfully completed a drug abuse awareness program and was working steadily at day work. During the nine months on parole, he had been randomly tested for drugs five times, with only one testing positive.

At the conclusion of Appellant's testimony, the following colloquy occurred:

[Defense counsel]: We have nothing further, Your Honor. We would argue – well, there is a presentence investigation, Your Honor.

The Court: Okay. Ms. Lee, do you have a PSI? Okay. Would you bring it forward.

[Defense Counsel]: Your Honor, if I may interrupt the Court's reading, the copy the Court is looking at, it almost looks like there's a bunch of redaction in it, but in fact, it's an overliner.

3

The Court then pronounced Appellant's sentence and asked Appellant if he understood the pronouncement, to which he responded, "[y]es, Your Honor." The State requested that restitution be added to the judgment and the proceedings were closed.

**Discussion**

**I. Point of Error One – Oral Motion for Continuance**.

Appellant maintains the trial court abused its discretion in denying his motion for continuance. We disagree. A motion for continuance that is not written nor sworn as required by articles 29.03 and 29.08 of the Texas Code of Criminal Procedure does not preserve the complaint for review. *See Dewberry v. State*, 4. S.W.3d 735, 755 (Tex.Crim.App. 1999). Moreover, as the State points out, the reason for the continuance (to supplement the affidavit provided by Appellant's parole officer) was satisfied by Appellant's unchallenged testimony about his progress while on parole. Point of error one is overruled.

**II. Point of Error Two – Denial of an Opportunity to Make a Closing Statement.**

Appellant contends the trial court abused its discretion in effectively denying defense counsel an opportunity to make a closing statement before he was sentenced. We disagree.

A trial court abuses its discretion if it denies defense counsel the right to make a closing argument. *Ruedas v. State*, 586 S.W.2d 520, 524 (Tex.Crim.App. 1979).

4

However, it is necessary to preserve that right by notifying the trial court of the desire to present closing argument, the trial court must refuse that opportunity, and a timely objection to the court's ruling must be presented. Tex. R. App. P. 33.1(a); *Foster v. State*, 80 S.W.3d 639, 640-41 (Tex.App.–Houston [1st Dist.] 2002, no pet.).

During Appellant's plea hearing, defense counsel stated, "[w]e have nothing further, Your Honor. We would argue – well, there is a presentence investigation [report] . . . ." Counsel did not make a request to present any further argument nor did he object to the trial court proceeding to sentencing.

Appellant relies on *Dang v. State*, 154 S.W.3d 616 (Tex.Crim.App. 2005), in support of his argument that defense counsel was denied a statutory right to present closing argument. *See also* Tex. Code Crim. Proc. Ann. art. 36.07 and 36.08 (Vernon 2007). *Dang* involved a complicated capital murder jury trial where the trial court limited closing arguments to twenty minutes per side despite defense counsel's request for an additional three minutes, to which an objection was lodged. 154 S.W.3d at 617. In considering certain factors, the Court determined that the court of appeals should have concluded the trial court abused its discretion in denying the additional three minutes for closing argument. *Id.* at 622.

Appellant's plea hearing was brief and uncomplicated. Defense counsel did not request a further opportunity to argue after bringing the PSI to the trial court's attention. No objections were presented either before or after pronouncement of sentence. We conclude *Dang* is inapposite. Point of error two is overruled.

## Conclusion

Consequently, the trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.