NO. 07-07-0419-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 27, 2008

______________________________


RICHARD HARLAN CHAPMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 4078; HONORABLE STEVE EMMERT, JUDGE

_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
Â Â Â Â Â Â Â Â Â Â Pursuant to a guilty plea, Appellant, Richard Harlan Chapman, was convicted by the
trial court of possession of marihuana in an amount of 2,000 pounds or less but more than
50 pounds. Punishment was assessed at sixteen years confinement and a $10,000 fine. 
Appellant presents two points of error contending the trial court abused its discretion in
sentencing him to sixteen years confinement (1) in that his trial counselâs request for a
continuance was denied and (2) in effectively denying trial counsel the opportunity to make
a closing statement before sentencing. We affirm.
Background
Â Â Â Â Â Â Â Â Â Â Appellant was convicted in 1974 for possession of a controlled substance with intent
to deliver and served time in a federal prison. According to his testimony, in 2000, he
began using methamphetamine because he was depressed. He eventually became
indebted to dealers and was physically threatened into trafficking drugs for them. In July
2003, he was stopped in Wheeler County, Texas, and charged with possession of
marihuana. Two months later, he was stopped in Columbia County, Georgia, for trafficking
drugs and was convicted and sentenced to fifteen years confinement. In 2007, Appellant
was released on parole in Georgia, subject to the underlying charge which was still pending
in Wheeler County.
Guilty Plea Hearing
Â Â Â Â Â Â Â Â Â Â At a hearing conducted on September 13, 2007, both sides announced ready and
Appellant entered a guilty plea to the possession charge. Defense counsel later requested
leave to withdraw his statement of âreadyâ and made an oral motion for continuance to
make an offer of proof. Counsel explained that he had contacted Appellantâs parole officer
to testify about Appellantâs progress for the nine months he had been on parole. The
parole officer reluctantly provided an affidavit (which is included in the presentence
investigation report), but refused to update the affidavit with other favorable information
requested by defense counsel.
Â Â Â Â Â Â Â Â Â Â The State argued that defense counsel was aware of the September 13, 2007
hearing date and that he had received the parole officerâs affidavit as early as August 17,
2007, allowing ample opportunity to have the parole officer available for the hearing. 
Additionally, the State argued the affidavit was sufficient and that the case had already
been continued several times.
Â Â Â Â Â Â Â Â Â Â The trial court denied the oral motion for continuance. The court also commented
that Appellant, who chose to testify, could testify to any additional facts not included in the
parole officerâs affidavit.
Â Â Â Â Â Â Â Â Â Â Appellant, the only witness at the hearing, testified that during his nine months on
parole, he made scheduled visits with his parole officer and was current on his fines. He
successfully completed a drug abuse awareness program and was working steadily at day
work. During the nine months on parole, he had been randomly tested for drugs five times,
with only one testing positive.
Â Â Â Â Â Â Â Â Â Â At the conclusion of Appellantâs testimony, the following colloquy occurred:
[Defense counsel]: We have nothing further, Your Honor. We would argue
â well, there is a presentence investigation, Your Honor.
The Court: Okay. Ms. Lee, do you have a PSI? Okay. Would you bring it
forward.
[Defense Counsel]: Your Honor, if I may interrupt the Courtâs reading, the
copy the Court is looking at, it almost looks like thereâs a bunch of redaction
in it, but in fact, itâs an overliner.
Â Â Â Â Â Â Â Â Â Â The Court then pronounced Appellantâs sentence and asked Appellant if he
understood the pronouncement, to which he responded, â[y]es, Your Honor.â The State
requested that restitution be added to the judgment and the proceedings were closed.
Discussion
I. Point of Error One â Oral Motion for Continuance.
Â Â Â Â Â Â Â Â Â Â Appellant maintains the trial court abused its discretion in denying his motion for
continuance. We disagree. A motion for continuance that is not written nor sworn as
required by articles 29.03 and 29.08 of the Texas Code of Criminal Procedure does not
preserve the complaint for review. See Dewberry v. State, 4. S.W.3d 735, 755
(Tex.Crim.App. 1999). Moreover, as the State points out, the reason for the continuance
(to supplement the affidavit provided by Appellantâs parole officer) was satisfied by
Appellantâs unchallenged testimony about his progress while on parole. Point of error one
is overruled.
II. Point of Error Two â Denial of an Opportunity to Make a Closing Statement.
Â Â Â Â Â Â Â Â Â Â Appellant contends the trial court abused its discretion in effectively denying defense
counsel an opportunity to make a closing statement before he was sentenced. We
disagree. 
Â Â Â Â Â Â Â Â Â Â A trial court abuses its discretion if it denies defense counsel the right to make a
closing argument. Ruedas v. State, 586 S.W.2d 520, 524 (Tex.Crim.App. 1979). 
However, it is necessary to preserve that right by notifying the trial court of the desire to
present closing argument, the trial court must refuse that opportunity, and a timely
objection to the courtâs ruling must be presented. Tex. R. App. P. 33.1(a); Foster v. State,
80 S.W.3d 639, 640-41 (Tex.App.âHouston [1st Dist.] 2002, no pet.). 
Â Â Â Â Â Â Â Â Â Â During Appellantâs plea hearing, defense counsel stated, â[w]e have nothing further,
Your Honor. We would argue â well, there is a presentence investigation [report] . . . .â 
Counsel did not make a request to present any further argument nor did he object to the
trial court proceeding to sentencing. 
Â Â Â Â Â Â Â Â Â Â Appellant relies on Dang v. State, 154 S.W.3d 616 (Tex.Crim.App. 2005), in support
of his argument that defense counsel was denied a statutory right to present closing
argument. See also Tex. Code Crim. Proc. Ann. art. 36.07 and 36.08 (Vernon 2007). 
Dang involved a complicated capital murder jury trial where the trial court limited closing
arguments to twenty minutes per side despite defense counselâs request for an additional
three minutes, to which an objection was lodged. 154 S.W.3d at 617. In considering
certain factors, the Court determined that the court of appeals should have concluded the
trial court abused its discretion in denying the additional three minutes for closing
argument. Id. at 622.
Â Â Â Â Â Â Â Â Â Â Appellantâs plea hearing was brief and uncomplicated. Defense counsel did not
request a further opportunity to argue after bringing the PSI to the trial courtâs attention. 
No objections were presented either before or after pronouncement of sentence. We
conclude Dang is inapposite. Point of error two is overruled. 
Conclusion
Â Â Â Â Â Â Â Â Â Â Consequently, the trial courtâs judgment is affirmed.
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Patrick A. Pirtle

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice







Do not publish.



>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NOS. 07-10-00122-CR, 07-10-00123-CR, 07-10-00171-CR and 07-10-00172-CR

Â 

IN THE COURT OF APPEALS

Â 

FOR THE
SEVENTH DISTRICT OF TEXAS

Â 

AT
AMARILLO

Â 

PANEL A

Â 



MAY
4, 2011

Â 



Â 

GREGORIO RODRIGUEZ, APPELLANT

Â 

v.

Â 

THE STATE OF TEXAS, APPELLEE 



Â 



Â 

FROM THE COUNTY COURT AT LAW NO. 2

Â 

AND THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

Â 

NOS. 2009-455,818, 2009-458,190, 2009-425,597, 2009-422,825;

Â 

HONORABLE CECIL PURYEAR, JUDGE



Â 



Â 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

Â 

Â 

MEMORANDUM OPINION

Â 

In each of these four appeals,
appellant Gregorio Rodriguez appeals his conviction on an open plea of guilty
and resulting sentence.

Offenses
committed on December 21, 2008:

In appellate case number 07-10-0172-CR, appellant was convicted of
evading arrest or detention with a vehicle and sentenced to 18 months in a
state jail facility;[1]

In appellate case number 07-10-0122-CR, appellant was convicted of
possession of marijuana of less than two ounces in a drug free zone and
sentenced to 12 months in the Lubbock County Jail.[2]

Offenses committed on October 25,
2009:

In appellate case number 07-10-0171-CR, appellant was convicted of
possession of a controlled substance listed in penalty group 1, cocaine of less
than one gram and sentenced to 24 months in a state jail facility;[3]

In appellate case number 07-10-0123-CR, appellant was convicted of
driving while intoxicated and sentenced to 6 months in the Lubbock County Jail.[4]

In each case, appellants
court-appointed appellate attorney has filed a motion to withdraw from
representation supported by an Anders
brief.[5]Â  Agreeing with counselÂs conclusion that the
record fails to show any arguably meritorious issue capable of supporting an
appeal, we grant the motion to withdraw in each case and affirm the trial
courtÂs judgments.

Punishment hearing testimony showed
that on December 21, 2008, a police officer saw a vehicle driving
erratically.Â  The officer attempted a
traffic stop.Â  As the officer followed
the vehicle, he saw a person leap from the vehicle while it remained in
motion.Â  The vehicle then jumped a curb,
knocked down a fence, and collided with a parked vehicle in a driveway.Â  The location of the accident was within 1,000
feet of a public school.Â  When the
officer entered the passenger compartment to turn off the ignition and place
the transmission in park, he saw an open container of alcohol.Â  An officer later also found a baggy
containing what he believed was marijuana.Â 
Police eventually were able to identify appellant as the person
operating the vehicle.

Punishment evidence also showed that
on October 25, 2009, a motor vehicle driven by appellant struck a police
vehicle in the presence of officers.Â 
Appellant attempted to flee on foot, but was apprehended and arrested
for evading arrest or detention.Â  An
officer detected the odor of alcohol on appellantÂs breath and the odor of
marijuana Âon his person.ÂÂ  While
searching appellant for weapons, the officer discovered a baggie containing
what he believed was marijuana.Â  In the
officerÂs opinion, appellant appeared intoxicated.Â  He had difficulty standing and walking and
was unresponsive to questions.Â  The
officer transported appellant to a holding facility.Â  As appellant left the police vehicle, a clear
plastic baggie containing a white powder fell from his pant leg.Â  According to a field test, the substance was
cocaine.Â  This was later confirmed by the
Texas Department of Public Safety Crime Laboratory.

Appellant was charged by indictment
or information with the four offenses, and entered guilty pleas to the charged
offenses without a plea bargain agreement.Â 
A punishment hearing in each case was held the same day as the plea
hearing.Â  The trial court admonished
appellant of the applicable ranges of punishment and determined he was a United
States citizen.Â  It also explained and determined
appellant wished to waive the right to trial by jury and the right against
self-incrimination.Â  Two police officers
gave the testimony we have summarized of the circumstances of the December 2008
and October 2009 offenses.Â  Appellant
presented two witnesses.Â  A deacon
testified of appellantÂs church involvement over the preceding five
months.Â  The second witness, a relative
of appellant, testified of his industry in the workplace, abstinence from
alcohol, and family commitment.Â 
Following the close of evidence and arguments, the court sentenced
appellant in each case.Â  Appellant
obtained trial court certification of the right of appeal and timely appealed. 

Thereafter, appellantÂs appointed appellate
counsel filed a motion to withdraw supported by an Anders brief.Â  In the brief,
he certifies to his diligent review of the record and his opinion under the
controlling authorities and facts of the cases no reversible error or arguably
legitimate ground for appeal exists.Â  The
brief discusses the procedural history of the case and the events at the plea
hearing.Â  Counsel discusses the
applicable law and sets forth the reasons he believes no arguably meritorious
issues for appeal exist.Â  A letter to
appellant from counsel, attached to counselÂs motion to withdraw, indicates
that a copy of the Anders brief and
the motion to withdraw were served on appellant, and counsel advised appellant
of his right to review the record and file a pro se response.Â  Johnson v. State, 885
S.W.2d 641, 645 (Tex.App.--Waco 1994, pet. refused).Â  By letter, this court also notified appellant
of his opportunity to submit a response to the Anders brief and motion to withdraw filed by his counsel.Â  Appellant did not file a response.

In conformity with the standards set out by
the United States Supreme Court, we will not rule on the motion to withdraw
until we have independently examined the record in each matter.Â  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.--San
Antonio 1997, no pet.).Â  If we determine
the appeal has arguable merit, we will remand it to the trial court for
appointment of new counsel. Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.1991).

In the Anders
brief, counsel concludes the appeal is frivolous.Â  We have made an independent review of the
entire record to determine whether arguable grounds supporting an appeal
exist.Â  See Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); Bledsoe v. State, 178 S.W.3d 824 (Tex.Crim.App.
2005).Â  We find no arguable grounds
supporting a claim of reversible error, and agree with counsel that the appeal
is frivolous.

Accordingly, we grant counselÂs motion to
withdraw[6]
in each case and affirm the judgments of the trial court.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  James
T. Campbell

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Justice

Do
not publish.Â  

Â 











[1]Â 
A person commits the offense of evading arrest or detention if he
intentionally flees a person he knows is a peace officer lawfully attempting to
arrest or detain him.Â  Tex.
Penal Code Ann. Â§ 38.04(a) (West Supp. 2010).Â  The offense is a state jail felony if the
actor uses a vehicle while in flight and the actor has not previously been
convicted under Penal Code Â§ 38.04.Â  Tex.
Penal Code Ann. Â§ 38.04(b)(1)(B) (West Supp. 2010).





[2]Â 
Possession of two ounces or less of marijuana is a Class B misdemeanor,
Tex. Health & Safety Code Ann. Â§ 481.121(b)(1)
(West 2010), but increases to a Class A misdemeanor if committed within 1,000
feet of the real property of a school.Â 
Tex. Health & Safety Code Ann. Â§ 481.134(f)(1)
(West 2010).Â  A Class A
misdemeanor is punishable by confinement in jail for up to one year and/or a
fine not to exceed $4,000.Â  Tex. Penal Code Ann. Â§ 12.21 (West 2003).





[3] Possession of less than one gram of
cocaine is a state jail felony.Â  Tex.
Health and Safety Code Ann. Â§ 481.102(3)(D) (West
2010) (cocaine is a Penalty Group 1 controlled substance) and Tex. Health and
Safety Code Ann. Â§ 481.115(a),(b) (West 2010) (possession of less than one gram
of cocaine is a state jail felony).Â  A
state jail felony is punishable by confinement in a state jail facility for any
term of not more than two years or less than 180 days and a fine not to exceed
$ 10,000.Â  Tex. Penal
Code Ann. Â§ 12.35 (West 2010). 





[4]Â 
In the absence of facts not charged here, driving while intoxicated is a
Class B misdemeanor.Â  A person commits
the offense of driving while intoxicated if the person is intoxicated while
operating a motor vehicle in a public place.Â 
Tex. Penal Code Ann. Â§ 49.04(a) (West 2003).Â  





[5]Â 
Anders v. California, 386 U.S.
738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and In re Schulman, 252 S.W.3d 403 (Tex.Crim.App. 2008) (orig. proceeding).





[6] Counsel shall, within five days
after the opinion is handed down, send his client a copy of the opinion and
judgment, along with notification of the defendantÂs right to file a pro se petition for discretionary
review. Tex. R. App. P. 48.4.