

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-122-CR

SANDRA DIANE CRANE                                    APPELLANT

V.

THE STATE OF TEXAS                                         STATE

------------

FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Sandra Diane Crane appeals her conviction for credit card abuse.  We affirm.

Appellant used a name other than her own and a credit card belonging to another to procure items from a Fort Worth merchant.  After a bench trial, the

---

[1] *See* Tex. R. App. P. 47.4.

trial court found appellant guilty and sentenced her to one year's confinement in state jail, probated for two years.

In her sole point on appeal, appellant contends that the trial court violated her rights to assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution by refusing to allow her to make a closing argument.[2]

The record shows that, after both sides rested, appellant moved for directed verdict "based upon the evidence alone," and argued that the evidence was "wholly insufficient even if believed beyond a reasonable doubt." After the trial court found appellant guilty, the record shows the following colloquy between appellant's counsel and the trial court:

MR. BURNS: Can we have some arguments?

THE COURT: I don't think it's necessary because I treat the — the way I consider this is this seems to be some type of involuntary intoxication — not involuntary, but voluntary intoxication with some medications.

Anyway, with that, does either side wish to present any evidence as to punishment?

[the State responds in the negative]

THE COURT: Mr. Burns?

MR. BURNS: Nothing further.

---

[2] *See* U.S. Const. amend. VI; Tex. Const. art. I, § 10.

The State contends that appellant forfeited her right to complain of the trial court's ruling on appeal because she did not object to the ruling. We agree. In order to preserve error for our review, appellant must not only have notified the trial court that she wished to make a closing argument and be refused that opportunity, but she must have made a timely objection to the trial court's denial of her request.[3] Because appellant did not object to the trial court's refusal to allow her to present closing argument, she did not preserve error for review. Appellant's sole point is overruled and the trial court's judgment is affirmed.

PER CURIAM

PANEL: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 29, 2009

---

[3] Tex. R. App. 33.1(a); *Foster v. State*, 80 S.W.3d 639, 640–41 (Tex. App.—Houston [1st Dist.] 2002, no pet.).