COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-122-CR

 

 

SANDRA DIANE CRANE                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM THE 396TH
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Sandra Diane Crane appeals her
conviction for credit card abuse.  We
affirm.








Appellant used a name other than her own and a
credit card belonging to another to procure items from a Fort Worth
merchant.  After a bench trial, the trial
court found appellant guilty and sentenced her to one year=s
confinement in state jail, probated for two years.

In her sole point on appeal, appellant contends
that the trial court violated her rights to assistance of counsel under the
Sixth Amendment to the United States Constitution and Article I, Section 10 of
the Texas Constitution by refusing to allow her to make a closing argument.[2]

The record shows that, after both sides rested,
appellant moved for directed verdict Abased
upon the evidence alone,@ and argued that the evidence
was Awholly
insufficient even if believed beyond a reasonable doubt.@  After the trial court found appellant guilty,
the record shows the following colloquy between appellant=s
counsel and the trial court:

MR. BURNS: 
Can we have some arguments?

THE
COURT:  I don=t think it=s necessary because I
treat the C the way I consider this
is this seems to be some type of involuntary intoxication C not involuntary, but
voluntary intoxication with some medications.

 

Anyway, with that, does either side wish to present any evidence as to
punishment?

 

[the State responds in the negative]

THE COURT: 
Mr. Burns?

MR. BURNS: 
Nothing further.








The State contends that appellant forfeited her
right to complain of the trial court=s ruling
on appeal because she did not object to the ruling.  We agree. 
In order to preserve error for our review, appellant must not only have
notified the trial court that she wished to make a closing argument and be
refused that opportunity, but she must have made a timely objection to the
trial court=s denial of her request.[3]  Because appellant did not object to the trial
court=s refusal
to allow her to present closing argument, she did not preserve error for
review.  Appellant=s sole
point is overruled and the trial court=s
judgment is affirmed.

 

PER
CURIAM

 

PANEL:  CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:   January 29, 2009











[1]See Tex. R. App. P. 47.4.





[2]See U.S. Const. amend. VI;
Tex. Const. art. I, ' 10.





[3]Tex. R. App. 33.1(a); Foster
v. State, 80 S.W.3d 639, 640B41 (Tex. App.CHouston [1st Dist.] 2002, no pet.).