

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0488-20

**JESSE VILLAFRANCO, JR., Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE ELEVENTH COURT OF APPEALS
MIDLAND COUNTY**

KEEL, J., delivered the opinion of the Court in which HERVEY, RICHARDSON, NEWELL, WALKER, and MCCLURE, JJ., joined. KELLER, P.J., filed a dissenting opinion in which SLAUGHTER, J., joined. YEARY, J., dissented.

## O P I N I O N

We withdraw our prior opinion and substitute this opinion in its place. Appellant was charged with aggravated sexual assault, attempted indecency with a child, and indecency with a child by exposure. At trial, Appellant sought to ask the victim about a previous incident of sexual abuse by someone else to rebut medical evidence offered by the State. The trial court questioned the victim outside the presence of the parties and

ruled the evidence of prior sexual abuse inadmissible. The State and defense now agree that the trial court failed to follow the proper procedure for a hearing under Rule of Evidence 412, also known as the "rape shield" rule, and erred in excluding the State, defense counsel, and Appellant from the hearing. The court of appeals affirmed the trial court, concluding that Appellant did not show harm.

We granted review to consider whether the court of appeals erred in failing to remand this case to the trial court to remedy its error as required by our holding in *LaPointe v. State*, 225 S.W.3d 513 (Tex. Crim. App. 2007), and whether the trial court's error was harmless beyond a reasonable doubt. We hold that the court of appeals erred in failing to follow *LaPointe*. We reverse the judgment of the court of appeals, remand the case to that court, and order the court of appeals to abate the case for the trial court to hold an adversarial hearing on the admissibility of the evidence of prior sexual abuse. This resolution renders moot Appellant's second ground for review, and we need not consider the issue of harm.

## I. Background

The six-year old victim, A.U., testified that Appellant put his "middle part" into her "middle part" and that his "middle part" is "called a dick" and her "middle part" is a vagina. A sexual assault nurse examiner (SANE) testified that she observed some vaginal scarring on A.U. that could have been caused by vaginal penetration. To rebut this medical evidence, Appellant sought to question A.U. about a previous sexual assault by

someone named Isaiah. The State objected that evidence of the victim's previous sexual activity is not admissible under Rule of Evidence 412. The State said the act with Isaiah did not involve vaginal penetration and would not rebut the medical evidence from the SANE exam.

The trial court construed Rule 412 as requiring an in camera hearing without the presence or participation of the defense or State. Defense counsel agreed with the trial court's interpretation of the rule and responded, "That's correct, Your Honor." Defense counsel was allowed to ask A.U. several questions to give the trial court guidance before the ex parte in camera hearing. Defense counsel asked A.U., "did Isaiah touch you in different parts of your body?" and she responded, "Yes, sir." He asked if Isaiah touched her with her clothes on or underneath her clothes, and she said it was underneath her clothes. Defense counsel asked if Isaiah touched her vagina, and she responded, "Yes, sir." The trial court then held an in camera hearing outside the presence of Appellant and the attorneys with only the court, the court reporter, and the victim present. After questioning A.U. about the incident with Isaiah, the trial court ruled that it was not admissible.

The jury found Appellant guilty of aggravated sexual assault, attempted indecency with a child, and indecency with a child by exposure. The trial court assessed concurrent sentences of twenty-five years for aggravated sexual assault and ten years for each indecency offense.

**II. Court of Appeals**

Citing our holding in *LaPointe*, 225 S.W.3d at 520-21, the court of appeals said the trial court should have permitted the parties to be present and the attorneys to question A.U. in the Rule 412 proceeding and that abatement is the proper remedy for the trial court's error. The court of appeals also cited *Young v. State*, 547 S.W.2d 23, 25 (Tex. Crim. App. 1977), which held that the error was not material because the record was sufficient to support appellate review of the issue. The court of appeals noted that Appellant did not object to the trial court's improper procedure. Assuming without deciding that the Rule 412 hearing was a critical stage of the proceeding, the court of appeals applied a harmless error test and concluded that Appellant failed to show harm from the trial court's error.

The court of appeals rejected Appellant's contention that the error was structural and that harm should be presumed. Appellant also argued that the error was not harmless because A.U. gave ambiguous and confusing answers, and the trial court did not have her define the terms she used in the Rule 412 hearing. In its harm analysis, the court of appeals said the trial court clarified A.U.'s answers, and A.U. did not display any confusion about the questions regarding Isaiah and those regarding Appellant. There was also no evidence that A.U.'s prior sexual activity showed a motive or bias against Appellant. The court of appeals concluded that the trial court's error in excluding Appellant and his counsel from the Rule 412 hearing did not contribute to Appellant's

conviction or punishment.

**III. Rule 412 and *LaPointe***

Specific instances of a sexual assault victim's past sexual behavior are generally inadmissible but may be admitted for limited purposes, such as if the evidence is necessary to rebut or explain medical evidence offered by the State. TEX. R. EVID. 412(b)(2)(A). If a defendant wishes to offer evidence of the victim's past sexual behavior, he must inform the court outside the jury's presence, and the court must conduct an in camera hearing, recorded by the court reporter, to determine if the evidence is admissible. TEX. R. EVID. 412(c).

*LaPointe* held that a Rule 412 in camera proceeding is an adversarial hearing at which the defendant, defense counsel, and the State are present, and the attorneys are permitted to question the witness and present evidence. 225 S.W.3d at 520, 523-24. Defense participation in the hearing gives the defendant the opportunity to substantiate his claim that the victim's prior sexual history is admissible. *Id.* at 523. If the trial court fails to follow this procedure, and the defendant is prevented from properly litigating the admissibility of this evidence, the appellate court may not be able to intelligently evaluate the correctness of the admissibility determination, but this does not mean that the trial court's admissibility determination was incorrect. *Id.* at 521; TEX. R. APP. P. 44.4. The defendant should be given the opportunity to perfect the record so the appellate court can review the admissibility issue. *LaPointe*, 225 S.W.3d at 521. The proper remedy is for

the court of appeals to abate the appeal and remand the case to the trial court to conduct a retrospective adversarial hearing in which the defendant has an opportunity to show that the victim's prior sexual history is admissible. *LaPointe*, 225 S.W.3d at 523, 524.

## IV. Analysis

The trial court's error prevented the development of the record necessary to determine harm, and the court of appeals should not have conducted a harm analysis based on a deficient record. The court of appeals erred in relying on *Young* for the proposition that the record was sufficient to support appellate review. *Young* specified that it should not be used as precedent to avoid the requirements of the predecessor statute to Rule 412. *Young*, 547 S.W.2d at 25. *Young* allowed a case-specific exception to the requirements only because the trial occurred shortly after the effective date of the statute, and the trial court had made a sufficient record of the issue for review. *Id.*

The State agrees that the trial court erred but says Appellant failed to preserve the issue for appellate review.

## A. Error Preservation

If the trial court's error in excluding the parties from the Rule 412 hearing is subject to the usual rules of procedural default, it must have been preserved by objection. *LaPointe*, 225 S.W.3d at 522. Because Appellant did not object, we must first consider whether his claim is subject to forfeiture, or if it involves a right that may be raised for the first time on appeal in the absence of an express waiver on the record.

We have identified three categories of rules or rights that comprise our system. *Marin v. State*, 851 S.W.2d 275, 278-79 (Tex. Crim. App. 1993). (1) Absolute or systemic requirements that are not optional and must be followed even if the parties wish otherwise, (2) waivable rights that must be implemented unless expressly relinquished by the defendant, and (3) all other complaints, whether constitutional, statutory, or otherwise, that are forfeited if not requested by the defendant. *Anderson v. State*, 301 S.W.3d 276, 279 (Tex. Crim. App. 2009) (citing *Marin*, 851 S.W.2d at 278-79).

*LaPointe*'s holding that a Rule 412 hearing was an adversarial proceeding was based in part on the defendant's right to confrontation. 225 S.W.3d at 520. The right to confront witnesses is forfeited if not requested by the defendant, as is the right to a meaningful opportunity to present a complete defense. *Anderson*, 301 S.W.3d at 277, 280. But the right to counsel at a critical stage of trial must be affirmatively waived; it cannot be forfeited by inaction alone. *Darcy v. State*, 488 S.W.3d 325, 329 (Tex. Crim. App. 2016); *Gilley v. State*, 418 S.W.3d 114, 119 (Tex. Crim. App. 2014).

The State asserts that the right to counsel in a Rule 412 hearing should be classified as a forfeitable right because defense counsel was present and could have pointed out to the trial court that there was case law directly on point that mandated his presence in the Rule 412 hearing, distinguishing this case from a situation where a defendant is unrepresented and forced to fend for himself against a trained lawyer on the other side. The State says it is not unreasonable to require counsel in this situation to

preserve error with an objection.

If a Rule 412 hearing does not constitute a critical stage for Sixth Amendment purposes, then Appellant's claim is forfeited by his failure to object to trial counsel's exclusion from the hearing.

## B. Critical Stage

Appellant argues that a Rule 412 hearing is a critical stage of trial because it may result in the loss of critical rights. The State agrees that a Rule 412 hearing is a critical stage but says it should be treated the same as the denial of counsel at closing argument, which lower courts have held is forfeited if not objected to. The State says in both situations the defendant will have counsel present through most of the proceedings to vindicate his rights. The State cites two cases in which the trial court ruled on a motion to revoke the defendant's deferred adjudication without first allowing the defense the opportunity to make a closing argument. Error was not preserved when the defense either failed to request closing argument or failed to object to the implied denial of a request for closing argument. *Habib v. State*, 431 S.W.3d 737, 742 (Tex. App.—Amarillo 2014, pet. ref'd.); *Foster v. State*, 80 S.W.3d 639, 640 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Disallowing argument by counsel is not the same as disallowing counsel's presence at a proceeding, and the argument cases are not analogous to excluding counsel from the Rule 412 hearing.

In *LaPointe*, we declined to address whether the trial court's error completely

deprived the defendant of counsel at a critical stage of trial because the scope of any prejudice resulting from the error was limited and was remediable by affording the defendant an adversarial hearing in which he had the opportunity to perfect the record and substantiate his claim that the victim's prior sexual history was admissible. *LaPointe*, 225 S.W.3d at 521. But the trial court's error was preserved in *LaPointe*, so our decision did not turn on whether the right to counsel at a critical stage had been affirmatively waived.

To determine whether a proceeding is a critical stage, we assess the usefulness of counsel to the accused at that particular proceeding. *Upton v. State*, 853 S.W.2d 548, 553 (Tex. Crim. App. 1993) (citing *Patterson v. Illinois*, 487 U.S. 285, 298 (1988)). A proceeding is a critical stage if the absence of counsel may result in rights being irretrievably lost if not then and there asserted, or if the accused requires aid in coping with legal problems or assistance in meeting his adversary. *Gilley*, 418 S.W.3d at 123 n.38; *Hidalgo v. State*, 983 S.W.2d 746, 752 (Tex. Crim. App. 1999). For example, the arraignment in *Hamilton v. Alabama* was a critical stage because an Alabama arraignment may affect the whole trial, and available defenses may be irretrievably lost if not then and there asserted. 368 U.S. 52, 54 (1961).

In *Gilley*, we concluded that a pretrial examination to determine whether a child-witness is competent to testify was not a critical stage of trial. 418 S.W.3d at 119-20. But the child-witness competency examination at issue in *Gilley* differs from a Rule 412 hearing in several ways. The trial court has discretion to permit the parties to participate

in a child-witness competency examination, whereas a Rule 412 hearing is an adversarial proceeding requiring the presence and participation of the parties. *Gilley*, 418 S.W.3d at 121; *LaPointe*, 225 S.W.3d at 520. A child-witness competency examination also differs because counsel can still ask competency questions of the witness at trial, whereas a Rule 412 hearing may prevent admission of testimony crucial to the defense. Defense counsel's later opportunity to challenge the child-witness's deficiencies during the trial itself rendered the trial court's competency examination to be a non-critical stage of the proceedings. *Gilley*, 418 S.W.3d at 122-23. In contrast, exclusion of Appellant and his counsel from the Rule 412 hearing may have permanently foreclosed Appellant's ability to rebut medical evidence and defend on grounds that someone else caused the victim's injury.

We said in *Anderson* that a meaningful opportunity to present a complete defense is forfeitable, but *Anderson* did not involve the denial of counsel at an adversarial hearing. 301 S.W.3d at 277. Anderson's appellate challenge to the trial court's denial of his unsworn oral motion for continuance was forfeited by his failure to comply with procedures requiring the motion to be sworn to and in writing. *See* TEX. CODE CRIM. P. Arts. 29.03, 29.08; *Anderson*, 301 S.W.3d at 280. There was no due process exception to the preservation requirements governing motions for continuance, and Anderson forfeited his right to present a defense to the State's DNA report. *Anderson*, 301 S.W.3d at 280-81. The denial of the right to present a complete defense in this case is distinguished

from *Anderson* by the adversarial nature of the Rule 412 hearing, the sole purpose of which is to determine the admissibility of defensive evidence, and the exclusion of counsel from the hearing, which prevents the admissibility of the evidence from being properly litigated.

We conclude that a Rule 412 adversarial hearing is a critical stage of trial, and Appellant's right to counsel was not forfeited by inaction alone.

The State argues that even if the Rule 412 hearing is a critical stage and if the right to counsel must be affirmatively waived, Appellant waived it by endorsing the trial court's belief that the hearing was to be held ex parte. The State says this is analogous to defense counsel announcing "no objection" when the State offers something into evidence, thereby waiving any objection to the evidence, even if it was subject to a pretrial motion to suppress. But a more fitting analogy is the right to a jury trial, which we have said is waivable only. *Marin*, 851 S.W.2d at 279. If a trial judge said that a defendant was not entitled to a jury trial, and defense counsel responded, "That's correct, Your Honor," we would not conclude that the defendant's right to a trial by jury had been affirmatively waived.

Appellant's agreement with the trial court's proposed ex parte procedure for the Rule 412 hearing was not an affirmative waiver of his right to counsel.

## C. Remedy

Citing Rule of Appellate Procedure 44.4, Appellant says the proper remedy for the

trial court's error is to abate the appeal and remand to the trial court for an adversarial hearing on the admissibility of the evidence. We agree. Rule of Appellate Procedure 44.4 precludes a court of appeals from affirming a judgment if the trial court's error prevents the proper presentation of the case to the court of appeals and if the trial court can correct its error. The court of appeals must direct the trial court to correct the error and then proceed as if the error had not occurred.

Because the trial court's error was limited to the Rule 412 hearing, and that error can be corrected by the trial court, abatement is the proper remedy. *LaPointe,* 225 S.W.3d at 521. The court of appeals should have followed *LaPointe* and remanded the case to the trial court for a retrospective hearing on the Rule 412 issue.

## V. Conclusion

A Rule 412 adversarial hearing is a critical stage of trial, and Appellant's right to counsel was not forfeited by his failure to object. The court of appeals erred in failing to follow *LaPointe* and in analyzing harm without first remanding the case to the trial court to correct its error and develop the record necessary to determine harm.

We reverse the judgment of the court of appeals, remand the case to that court, and order the court of appeals to abate the case for the trial court to hold a retrospective hearing on the Rule 412 issue.

Delivered: October 20, 2021
Publish