

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

Nos. 07-13-00090-CR, 07-13-00094-CR

ANANDA CHERMION HABIB, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 108th District Court
Potter County, Texas
Trial Court Nos. 60,489-E, 60,504-E, Honorable Douglas Woodburn, Presiding

April 30, 2014

## OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Ananda Chermion Habib, appeals the trial court's decision to adjudicate him guilty of the offenses of stalking[1] and violation of a protective order,[2] as

---

[1] *See* TEX. PENAL CODE ANN. § 42.072 (West Supp. 2013). Appellate cause number 07-13-00090-CR.

[2] *See id.* § 25.07(g)(2) (West Supp. 2013). Appellate cause number 07-13-00094-CR.

well as the resulting ten-year sentences of incarceration and $5,000 fine in each case.[3] We will modify the judgments and affirm as modified.

## Factual and Procedural Background

Appellant was initially charged with the offenses of stalking and violation of a protective order as a result of incidents occurring in 2009. Appellant and the State entered into a plea bargain agreement in March of 2011, which was accepted by the trial court, by which appellant pled guilty to the offenses and was placed on eight years' deferred adjudication community supervision, and fined $500 in each case.

In November of 2011, the State filed motions to proceed to adjudication of guilt in both cases based on nineteen alleged violations of community supervision. In December of 2011, appellant was extradited from Smith County to Potter County, where he was declared indigent and appointed counsel. In August of 2012, appellant was extradited from Tom Green County to Potter County. The State twice amended its motions to proceed to adjudication and, ultimately, alleged that appellant had committed thirty violations of the terms and conditions of his community supervision.

The adjudication proceeding was called on March 25, 2013. The State waived fifteen violations, appellant pled true to nine violations, and appellant pled not true to six violations. The State presented significant evidence of appellant's violations of the terms and conditions of his community supervision. In response, appellant testified on his own behalf. Through his testimony, appellant admitted many of the violations alleged by the State. However, by his testimony, appellant offered explanations for

---

[3] The sentences in each cause were ordered to run concurrently.

those violations. Immediately following appellant's testimony, appellant's counsel stated, "[r]est and close, and then give argument, if we could, Your Honor." However, without hearing argument, the trial court found that appellant violated fifteen terms and conditions of his community supervision, adjudicated him guilty of both underlying offenses, and sentenced him to ten years' incarceration and $5,000 fine in each case, but further ordered that the sentences run concurrently.

Subsequently, the trial court entered judgments which indicated that court costs would be assessed "as per attached bill of costs." The bill of costs in 07-13-00090-CR charges appellant a $5,000 fine, $549.39 for sheriff's fees, and $3,222.24 in "Attorney Fee(s) – Probation Revocation." The bill of costs in 07-13-00094-CR charges appellant another $5,000 fine and $445 more for sheriff's fees.

By five issues, appellant appeals. By his first issue, appellant contends that he was denied the effective assistance of counsel when his attorney requested but was not given the opportunity to present closing argument. Appellant's second issue contends that counsel's failure to present closing argument constitutes a constructive deprivation of counsel. Appellant's third issue contends that the bill of costs cumulated the fine when the trial court ordered them concurrent. By his fourth issue, appellant contends that the evidence is insufficient to sustain the assessment of attorney's fees. Finally, by his fifth issue, appellant contends that the evidence was insufficient to sustain the assessment of sheriff's fees.

## Issues One & Two: Denial of Closing Argument

Appellant's first two issues challenge trial counsel's failure to present a closing argument or to, at least, preserve error in the trial court's denial of appellant's request for closing argument. Appellant's first issue is couched in terms of ineffective assistance of counsel. However, review of appellant's argument reveals that he is essentially contending that the trial court reversibly erred by not affording appellant an opportunity to close after appellant requested such an opportunity. The State responds that, after requesting closing argument, appellant abandoned and waived his request. By his second issue, appellant contends that, because trial counsel felt that closing argument would be beneficial but failed to either obtain such argument or preserve the trial court's erroneous denial of argument, appellant was constructively deprived of counsel at a critical stage of the trial. The State responds that trial counsel had sound strategic reasons for not pursuing closing argument.

A trial court abuses its discretion by denying counsel the right to make a closing argument. *See Ruedas v. State*, 586 S.W.2d 520, 524 (Tex. Crim. App. 1979); *Chapman v. State*, No. 07-07-00419-CR, 2008 Tex. App. LEXIS 6574, at *4-5 (Tex. App.—Amarillo Aug. 27, 2008, no pet.) (mem. op., not designated for publication). However, to preserve error in the denial of closing argument, appellant must have notified the trial court of the desire to present closing argument, the trial court must have refused that request, and appellant must have asserted a timely objection to the trial court's ruling denying closing argument. *Torres v. State,* No. 13-08-00220-CR, 2009 Tex. App. LEXIS 6122, at *3 (Tex. App.—Corpus Christi Aug. 6, 2009, no pet.) (mem. op., not designated for publication); *Crane v. State*, No. 02-08-00122-CR, 2009 Tex.

4

App. LEXIS 589, at \*2 (Tex. App.—Fort Worth Jan. 29, 2009, no pet.) (per curiam) (mem. op., not designated for publication); *Chapman*, 2008 Tex. App. LEXIS 6574, at \*5; *Dangerfield v. State*, No. 08-02-00115-CR, 2003 Tex. App. LEXIS 4992, at \*3 (Tex. App.—El Paso June 12, 2003, pet. ref'd); *Foster v. State*, 80 S.W.3d 639, 640 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *see* TEX. R. APP. P. 33.1.

In the present case, appellant made an equivocal request for closing argument which, by proceeding to adjudicate and sentence appellant, the trial court impliedly denied. However, appellant did not voice an objection to the trial court's implied ruling denying appellant closing argument. As such, under the authority cited above, appellant has failed to preserve any error in the trial court's denial of closing argument.

Appellant also appears to argue that the trial court impliedly denied appellant's request for closing argument in such a manner that appellant was denied the opportunity to object to the ruling. When a trial court makes a ruling and there is no opportunity to object, a defendant must timely file a motion for new trial. *See Howard v. State*, Nos. 01-12-00335-CR, 01-12-00336-CR, 2013 Tex. App. LEXIS 1874, at \*5 (Tex. App.—Houston [1st Dist.] Feb. 28, 2013, no pet.) (mem. op., not designated for publication); *Foster*, 80 S.W.3d at 641. A timely filed motion for new trial affords a defendant the opportunity to object to the denial of closing argument if such an opportunity was not available during trial. *See Gonzalez v. State*, 301 S.W.3d 393, 401 (Tex. App.—El Paso 2009, pet. ref'd). Appellant did not file a motion for new trial in either case.[4] As such, we conclude that appellant has wholly failed to preserve any

---

[4] We note that appellant's appellate counsel signed and filed appellant's notices of appeal on April 4, 2013. The trial court imposed sentence in these cases on March 25, 2013. As such, appellant's

5

error in the trial court denying appellant's request for closing argument. We overrule appellant's first issue.

By his second issue, appellant contends that, because trial counsel expressed a desire to present closing argument, his failure to present closing argument or to preserve error in the trial court's denial of closing argument constitutes a constructive deprivation of counsel. The State responds that, because there were sound strategic reasons for not pursuing closing argument, appellant was not deprived of the effective assistance of counsel.

Both the United States and Texas Constitutions guarantee a defendant the opportunity to present closing argument. *See* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Herring v. New York*, 422 U.S. 853, 858-59, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975); *Ruedas*, 586 S.W.2d at 522. The denial of counsel at such a critical stage of trial leads to a presumption of prejudice. *United States v. Cronic*, 466 U.S. 648, 659 & n.25, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). However, as discussed above, the right to present closing argument can be waived by a defendant's failure to request argument or a failure to object to the denial of a request. *Chapman*, 2008 Tex. App. LEXIS 6574, at *5; *Foster*, 80 S.W.3d at 640; *see* TEX. R. APP. P. 33.1. Closing argument is an area where trial strategy is most evident. *Flemming v. State*, 949 S.W.2d 876, 881 (Tex. App.—Houston [14th Dist.] 1997, no pet.). An inquiry into counsel's strategy should be made only when there is no plausible strategic basis for his actions. *Ex parte Burns*, 601 S.W.2d 370, 372 (Tex. Crim. App. 1980) (en banc).

_____

appellate counsel had, at a minimum, nineteen days to timely file a motion for new trial raising the issue of the trial court's denial of appellant's request for closing argument. *See* TEX. R. APP. P. 21.4(a).

6

Appellant contends that, because trial counsel requested closing argument, he "clearly felt such argument might be beneficial." However, because the record is silent as to counsel's strategy regarding closing argument, appellant fails to overcome the presumption of effective assistance of counsel. *See Rylander v. State*, 101 S.W.3d 107, 110-11 (Tex. Crim. App. 2003). So long as there is any plausible strategic reason for trial counsel not to present closing argument or to object to the trial court's denial of closing argument, we will not conclude that appellant was constructively denied the effective assistance of counsel. *See Ex parte Burns*, 601 S.W.2d at 372; *Brown v. State*, No. 04-06-00039-CR, 2007 Tex. App. LEXIS 1699, at *8-9 (Tex. App.—San Antonio Mar. 7, 2007, no pet.) (mem. op., not designated for publication). A review of the record suggests that trial counsel may have made the strategic decision not to pursue closing argument based on the perceived mood of the trial court, the fact that appellant's testimony would have rendered much of closing argument cumulative, and to prevent the State from rebutting appellant's closing argument. Because there were sound strategic reasons for trial counsel to have waived closing argument, we cannot conclude that appellant was constructively deprived of the effective assistance of counsel. We overrule appellant's second issue.

## Issue Three: Fines

By his third issue, appellant contends that by including a $5,000 fine on each bill of costs, the fine portion of the sentences were cumulated rather than assessed concurrently. The State concedes that this is error.

In these cases, the trial court orally pronounced that the sentences are to run concurrently, and the written judgments also reflect that the sentences are to run concurrently. However, each bill of costs assesses a $5,000 fine. When sentences are ordered to run concurrently, the judgment should not reflect a cumulated fine. *Wilson v. State*, No. 07-11-00019-CR, 2012 Tex. App. LEXIS 525, at *2 (Tex. App.—Amarillo Jan. 24, 2012, no pet.) (per curiam) (mem. op., not designated for publication) (citing *State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008)). Because the oral pronouncement of sentence controls, we will delete the fine from the second judgment. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004).

## Issue Four: Attorney's Fees

By his fourth issue, appellant contends that the evidence was insufficient to sustain the assessment of attorney's fees in cause number 07-13-00090-CR. The State concedes that there is insufficient evidence to support this assessment.

To sustain an assessment of attorney's fees, the trial court must determine that a defendant has the financial resources that enable him to offset in part or in whole the costs of the legal services provided. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013); *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010) (a defendant's financial resources and ability to pay are "explicit critical elements" in assessing appointed attorney's fees against the defendant). The record includes no evidence that appellant had the financial resources to offset the costs of legal services provided to him in part or in whole. As such, we will modify the judgment to delete the

assessment of $3,222.24 in attorney's fees from the bill of costs in cause number 07-13-00090-CR.[5]

Issue Five: Sheriff's Extradition Fees

By his fifth issue, appellant contends that the evidence is insufficient to support the trial court's assessment of sheriff's extradition fees. The State responds that the assessed fees are supported by sufficient evidence and should not be deleted.

A defendant that is arrested on a warrant or capias in another county shall pay twenty-nine cents per mile that had to be traversed to convey the defendant to the county from which the warrant or capias issued. TEX. CODE CRIM. PROC. ANN. art. 102.011(b)(2) (West Supp. 2013). The defendant shall also pay all reasonable and necessary expenses for meals and lodging incurred in the performance of the extradition. *Id.* However, the defendant may not be charged more than once for a service performed in multiple cases. *See id.*

Court costs are not part of the guilt or sentence of a criminal defendant and need not be proven at trial; rather, they are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case." *Johnson v. State*, No. PD-0193-13, 2014 Tex. Crim. App. LEXIS 240, at *8 (Tex. Crim. App. Feb. 26, 2014) (citing *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011), and quoting *Weir v. State*, 278 S.W.3d 364, 366-67 (Tex. Crim. App. 2009)). Consequently, we review the assessment of court costs to determine if there is a basis for the cost, not whether

---

[5] It appears that, due to a clerical error, the second sheriff's extradition fee in the amount of $222.24 was added to the assessment of attorney's fees. We will address the propriety of the trial court's assessment of sheriff's extradition fees in appellant's fifth issue, below, but we conclude that this amount was not properly assessed as attorney's fees and, therefore, delete it from the bill of costs.

sufficient evidence offered at trial proved each cost, and traditional *Jackson* evidentiary-sufficiency principles do not apply. *Id.*

In the present case, the record reflects that appellant was extradited 934 miles from Smith County to Potter County on December 5, 2011. At twenty-nine cents per mile, the transport expense was $270.86. "Additional expenses" of $78.53 were incurred. On August 23, 2012, appellant was extradited 656 miles from Tom Green County to Potter County. The transportation expense totaled $190.24. "Additional expenses" of $32.00 were incurred. Thus, the total extradition expenses incurred in relation to these causes were $571.63. After a $10.00 fee for taking and approving a bond is added, *see* TEX. CODE CRIM. PROC. ANN. art. 102.011(a)(5), the total amount of sheriff's fees for which the record provides a basis is $581.63.

Appellant contends that the evidence is not sufficient to support the reasonableness and necessity of the additional expenses incurred in the extraditions. However, under the appropriate standard, there need only be an identification of a basis for the cost, which was provided. *Johnson*, 2014 Tex. Crim. App. LEXIS 240, at *8. As stated above, we conclude that a basis exists for the imposition of $581.63 in sheriff's fees.

While the record provides a basis for the assessment of $581.63 in sheriff's fees, the bill of costs in cause number 07-13-00090-CR assesses sheriff's fees in the amount of $549.39, and the bill of costs in cause number 07-13-00094-CR assesses sheriff's fees in the amount of $445.00. As a result, it appears that appellant may have been charged twice for the performance of the same services. As such and on the basis of

10

the evidence contained within the record, we will delete the assessment of sheriff's fees in cause number 07-13-00094-CR, and modify the assessment of sheriff's fees in cause number 07-13-00090-CR to $581.63.

## Conclusion

We modify the judgment of the trial court in the following particulars:

1) Delete the assessment of a $5,000.00 fine in cause number 07-13-00094-CR;

2) Delete the assessment of $3,222.24 for attorney's fees in cause number 07-13-00090-CR;

3) Delete the assessment of $445.00 for sheriff's fees in cause number 07-13-00094-CR;

4) Modify the assessment of $549.39 for sheriff's fees in cause number 07-13-00090-CR to assess $581.63 for sheriff's fees.

As modified, we affirm the judgment of the trial court. *See* TEX. R. APP. P. 43.2(b).


Mackey K. Hancock
Justice


Publish.