

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-13-00395-CR
### NO. 02-13-00396-CR

ANASTASIA LYNETTE COLLUM          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

### FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 1302596D
### TRIAL COURT NO. 1317410D

----------

## MEMORANDUM OPINION[1]

----------

## I. INTRODUCTION

In one point, Appellant Anastasia Lynette Collum appeals her punishment assessed by the trial court after the revocation of her deferred adjudication

---

[1]*See* Tex. R. App. P. 47.4.

community supervision in trial court cause number 1302596D and her placement on deferred adjudication community supervision in trial court cause number 1317410D. We will affirm.

## II. BACKGROUND

In January 2013, in exchange for five years' deferred adjudication community supervision and, among other conditions, the condition that she not commit a new offense against the laws of the State of Texas while on supervision, Collum pleaded guilty to theft of property valued under $1500. *See* Tex. Penal Code Ann. §§ 31.03(a), (e)(3) (West Supp. 2014). Collum also pleaded true to two prior convictions. In March 2013, the State filed a petition to proceed to adjudication, alleging that Collum had violated the no-new-offense condition of her community supervision on two occasions plus committed multiple violations of her community supervision. Specifically pertaining to new offenses, the State alleged that Collum had entered a "habitation with intent to commit theft"[2] and that she had committed theft of an automobile valued between $1,500 and $20,000.

At the adjudication hearing, Collum pleaded guilty to the new theft charge and true to the State's other allegations. The trial court then proceeded to punishment.

---

[2]At the hearing, the State waived "Count Two" which would appear from the record to have been the State's allegation regarding entry of a habitation with intent to commit theft.

After both sides presented evidence and rested, the State waived its right to open closing argument. The court then expressed to Collum's counsel that he could close. Counsel responded, "If I could have just a moment, Your Honor?" Before counsel could close, however, the trial court offered Collum the choice between four years' incarceration based upon multiple convictions or the adjudication of the original theft charge (1302596D) with a sentence of two years in jail and deferred adjudication community supervision for the new theft charge (1317410D).

Collum chose to accept the trial court's option of adjudication of guilt on the original theft charge (1302596D) with a two-year jail term, plus being placed on deferred adjudication community supervision on the new theft charge (1317410D). The trial court rendered judgment accordingly, sentencing Collum to two years in jail and placing her on deferred adjudication community supervision. Neither the trial court, the State, nor Collum's counsel again mentioned closing arguments, and the hearing came to a close. This appeal followed.

## III. DISCUSSION

In her sole point, Collum argues that the trial court erred by not allowing her counsel to make a closing argument. The State argues that Collum failed to preserve this issue for our review. We agree with the State.

3

A trial court abuses its discretion by denying counsel the right to make a closing argument. *See Ruedas v. State*, 586 S.W.2d 520, 524 (Tex. Crim. App. [Panel Op.] 1979). But to preserve error in the denial of closing argument, counsel must have notified the trial court of the desire to present closing argument, the trial court must have refused that request, and counsel must have asserted a timely objection to the trial court's ruling denying closing argument. *See Crane v. State*, No. 02–08–00122–CR, 2009 WL 214195, at *1 (Tex. App.— Fort Worth Jan. 29, 2009, pet. ref'd) (per curiam) (mem. op., not designated for publication); *see also* Tex. R. App. P. 33.1.

Here, Collum made an equivocal request for closing argument which, by proceeding to adjudicate and sentence her, the trial court impliedly denied. Collum, however, did not voice an objection to the trial court's implied ruling denying her closing argument. As such, Collum has failed to preserve any error in the trial court's denial of closing argument. *See Habib v. State*, 431 S.W.3d 737, 740–41 (Tex. App.—Amarillo 2014, pet. ref'd) (holding that appellant failed to preserve denial of closing argument issue for appeal because "appellant did not voice an objection to the trial court's implied ruling denying appellant closing argument"). We overrule Collum's sole issue on appeal.

## IV. Conclusion

Having overruled Collum's sole issue on appeal, we affirm the trial court's judgments.

/s/ Bill Meier

BILL MEIER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 28, 2014