PD-0725-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/3/2015 10:44:36 PM
Accepted 8/4/2015 7:50:29 AM
ABEL ACOSTA
CLERK

**In the**
**Court of Criminal Appeals of Texas**

Jose L. Aldana,
appellant

v.

The State of Texas,
appellee

No. PD-0725-15

---

**Reply to the State's Petition for Discretionary Review**

---

**To the Honorable Court of Criminal Appeals of Texas:**

Jose L. Aldana, Appellant below, files this response to the State's Petition for Discretionary Review in this cause and shows as follows:

**Introduction**

The jury acquitted Aldana of two counts and convicted him of three.[1] In addition to being sentenced to prison, Aldana was assessed a $3,000 fine on each count of conviction.[2] On appeal, he challenged the inclusion of the $3,000 fine in each judgment. The El Paso Court of Appeals

---

[1] CR at 172–88.

[2] CR at 174, 179, 184.

reformed two judgments by deleting the fine on each.[3] The State is now seeking review by this Court of that decision. Aldana doesn't think review is warranted for the following reasons.

First, there's no disagreement on this issue between the courts of appeals. The only two appellate courts to consider this issue have agreed. Second, the State's concerns actually hinge on TDCJ's *not* following the trial court's direction. Third, court costs are included in only one judgment to avoid duplication in cases with multiple convictions; including fines only on one judgment is consistent with the handling of court costs. Fourth, objecting prospectively or to something unseen is impractical.

In sum, this petition should be refused.

**There is no disagreement between the courts of appeals. The only two courts of appeals to consider this issue agree.**

One factor in whether this Court grants review is whether there is a conflict between courts of appeals on the issue.[4] There is no conflict on

---

[3] *Aldana v. State*, Slip Op. at 3–4; 2015 WL 2344023 at \*2 (Tex. App.—El Paso 2015, pet. filed).

[4] Tex. R. App. P. 66.3(a) ("[W]hether a court of appeals' decision conflicts with another court of appeals' decision on the same issue[.]").

this issue here. Both the El Paso and Amarillo Courts of Appeals have considered this issue and agreed.

In this case, the El Paso Court of Appeals found that the inclusion of the fine in each judgment would likely lead to cumulation of the fines. Each judgment included the $3,000 fine. An Order to Withdraw Funds was included with and incorporated by reference into each judgment. Each one of these directed the withdrawal of the $3,000 assessed in the judgment. This was dispositive: "The order to withdraw funds in Counts Four and Five, however, are expressly incorporated into the judgments of conviction and became part of it."[5]

In *Habib v. State*,[6] the Amarillo Court of Appeals was similarly persuaded by the inclusion of fines in both bills of costs. There, the defendant, in addition to a sentence of imprisonment, was fined $5,000 on both cases.[7] The trial court ordered these sentences to run concurrently.[8] But the Bill of Costs for each case included the fine.[9] In deleting the fine from one of the cases the court of appeals noted that there should

---

[5] *Aldana v. State*, Slip Op. at 3–4; 2015 WL 2344023 at *2 (Tex. App.—El Paso 2015, pet. filed).

[6] 431 S.W.3d 737 (Tex. App.—Amarillo 2014, no pet.)

[7] 431 S.W.3d at 742.

[8] *Id.*

[9] *Id.*

be only one, cumulated fine: "When sentences are ordered to run concurrently, the judgment should not reflect a cumulated fine."[10]

In both cases, the defendant was going to pay the fine more than once notwithstanding the concurrency of the sentences. In this case, there were Orders to Withdraw Funds incorporated into the judgments; in *Habib*, the fines were included in both Bills of Costs. Both situations were going to cause the duplicate collection of the fines from the defendant. Therefore, the courts of appeals made revisions to reflect and insure that only one fine should and would be collected.

**The State's concerns hinge on TDCJ's *not* following the trial court's directives.**

The State's PDR makes much of TDCJ's ability to do what it's suppose to do. Because TDCJ will do what it ought, according to the State, Aldana's concerns are for not, and the El Paso Court of Appeals acted precipitously. TDCJ's doing what it is directed to do is, however, precisely why these judgments needed reformation.

---

[10] *Id.* (*Wilson v. State*, No. 07-11-00019-CR, 2012 WL 205848, at *1, 2012 Tex.App. LEXIS 525, at *2 (Tex. App.—Amarillo Jan. 24, 2012, no pet.) (*per curiam*) (mem. op., not designated for publication) (citing *State v. Crook*, 248 S.W.3d 172, 177 (Tex. Crim. App. 2008)).

The State contends that the El Paso Court of Appeals' opinion hinges on "an assumption that mere functionaries in the prison system are unable to understand the law and will charge Appellant $9,000 instead of the $3,000 he actually owes."[11] The State continued:

> This is thin gruel indeed on which to base a decision that these judgments need fixing. There is no reason to presume incompetence on the part of the Institutional Division of the Department of Criminal Justice, and there is no reason to think that the concept of a "concurrent fine" is beyond the ken of those who work in the Classification and Records Department. …[12]

The problem, though, with this rhetoric is that the State is right: TDCJ will do what it's directed. As noted above, this case and *Habib* both contained directives to withdraw *all* the fines. In this case, there were Orders to Withdraw Funds incorporated into each judgment.[13] In *Habib*, the fine was included in the Bill of Costs for each case. For the State's argument to be valid, TDCJ would have to cipher out for itself that the trial courts had made errors in these documents, ignore those directives, and then implement what it had concluded was correct in

---

[11] State's PDR at 10.

[12] *Id.*

[13] CR at 177, 182, 187.

lieu of what the trial court sent. This would be TDCJ doing the complained of "fit of semi-nunc pro tunc jiu jitsu."[14]

In sum, the reformations in this case and *Habib* were necessary because TDCJ would follow the dictates contained in the documents from the trial courts. The State's argument for granting review is misplaced.

**There's a reason court costs are included in only one bill of costs in cases with multiple convictions: to prevent their duplicative collection.**

In this case, court costs are included in only one case. The State recognizes this: "All three withdrawal orders reflect a fine of $3,000. One of them includes court costs."[15] In *Habib*, the court of appeals revised the judgment in one case to delete the duplicative assessment of costs.[16] While court costs are "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case[,]"[17] the concern leading to their deletion in *Habib* is the same as the El Paso Court of Appeals' here: to avoid duplication of collection.[18] To extend

---

[14] State's PDR at 9.

[15] State's PDR at 9.

[16] *Habib*, 431 S.W.3d at 743–44.

[17] *Johnson v. State*, 423 S.W.3d 385, 390 (Tex. Crim. App. 2014)

[18] *Habib*, 431 S.W.3d at 744.

the State's logic to court costs, it would be perfectly permissible—if not proper—to include court costs on all judgments. Yet that's not what is done.

**Objecting to prospective error is impractical. How does a defendant object to something he's never seen and hasn't happened yet?**

The State believes that Aldana should have objected to the errors in the judgments that were remedied by the court of appeals in this case to have preserved this error: "Appellant's failure to object should result in a forfeiture of his claim."[19] This is problematic for several reasons.

How does a defendant object to something he's never seen? Absent some after-the-fact effort on his part, a criminal defendant doesn't get a copy of his judgment. The defendant doesn't even get notice that the trial court has signed it. Unlike civil proceedings, there's simply no requirement to give the defendant or the defendant's attorney notice of the judgment much less a copy of it.[20] But the civil litigant gets that

---

[19] State's PDR at 7.

[20] *Contra* Tex. R. Civ. P. 306a(3) provides as follows: "When the final judgment or other appealable order is signed, the clerk of the court shall immediately give notice to the parties or their attorneys of record by first-class mail advising that the judgment or order was signed. Failure to comply with the provisions of this rule shall not affect the periods mentioned in paragraph (1) of this rule, except as provided in paragraph (4)."

benefit and more: untimely notice or delivery of the judgment extends the post-judgment deadlines.[21] In essence, the State wants the defendant to object to something that's never been seen and isn't provided.

And what does the defendant say? Should Aldana's counsel have said, "Judge, we object to the court's prospectively possibly erring in the completion of the judgments in this case?" That would fail because it's not a specific objection to specific error. It's also not timely—it's not contemporaneous with the error. Or should he have foretold the court's inclusion and incorporation of Orders to Withdraw Funds? "Judge, if you're going to include the fines in each judgment and if you're contemplating Orders to Withdraw Funds or Bills of Costs that will be incorporated into the judgment, please be sure to omit them from all but one case." Or does he ask the trial court to complete the judgments correctly? "Judge, we know you'd never make an error, but please be extra careful in this case and make sure the judgments match the oral

---

[21] Tex. R. Civ. P. 306a(4) ("1. No Notice of Judgment. If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.").

pronouncement of sentence, which, after all, controls." These are all folly.

Further, the State's contention that Aldana should have objected based on his hearing the trial court's oral pronouncement of judgment is flawed: The State argues thusly: "Had Appellant felt an impending ambiguity that he now claims is obvious, he should have objected at the time."[22] This is problematic because the oral pronouncement of judgment is just that; it's not the judgment. And there was nothing wrong with the oral pronouncement in this case.[23]

And why should the defendant presume that the trial court will err? That's the implication here: that the defendant has to prospectively insure that the trial court will perform it's ministerial duties correctly. Can't we presume that the trial court will discharge its ministerial duties properly?

---

[22] State's PDR at 8.

[23] Since the oral pronouncement controls, *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004), why would the defendant object to a correct one?

**This was not an improper incursion into the civil arena. The court of appeals modified the judgments in this case.**

The State suggests that the court of appeals decision has nothing to do with the appeal of Aldana's conviction. The State suggests that court of appeals action was improper because it had "nothing to do with the appeal of his conviction."[24] The State wants this Court to find that the El Paso Court of Appeals ventured into forbidden *Harrell* territory.[25] But neither the El Paso Court of Appeals in this case nor the Amarillo Court of Appeals in *Habib* did. In this case, the judgments were modified. (Indeed, this case is distinguishable from *Harrell*. As noted in the opinion, these orders to withdraw funds were issued with and incorporated into the judgments in this case. The order at issue in *Harrell* was issued years after the conviction.[26]) In *Habib*, the Amarillo Court of Appeals modified the bills of costs.[27] These are perfectly appropriate actions for courts of appeals.

---

[24] State's PDR at 11.

[25] *Harrell v. State*, 286 S.W.3d 315, 318 (Tex. 2009) ("Harrell is not contesting the convicting court's authority to assess costs but its authority to collect costs." (emphasis in original)).

[26] *Compare Harrell*, 286 S.W.3d at 317, *with Aldana*, Slip Op. at 3–4; 2015 WL 2344023 at *2.

[27] *Habib*, 431 S.W.3d at 744.

**Conclusion**

This petition should be refused.

Respectfully submitted,

s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis
1901 Central Dr.
Suite 708 LB 57
Bedford, TX 76021
817.868.9500
817.887.2401 (fax)
State Bar No. 24029505

**Certificate of Service**

On August 3, 2015, one copy of this motion has been electronically sent to counsel for Appellant, Mr. James Gibson, Tarrant County Criminal District Attorney's office, 401 W. Belknap Street, Fort Worth, Texas 76196-0201, CCAAppellateAlerts@TarrantCountytx.gov. A copy has been printed and mailed to Jose L. Aldana.

s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis

## Certificate of Compliance

This document complies with the typeface requirements of Tex. R. App. P. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes. This document also complies with the word-count limitations of Tex. R. App. P. 9.4(i), if applicable, because it contains 2,291 words, excluding any parts exempted by Tex. R. App. P. 9.4(i)(1).

/s/ Leigh W. Davis_____
(Mr.) Leigh W. Davis