ACCEPTED
13-15-00220-CR
THIRTEENTH COURT OF APPEALS
CORPUS CHRISTI, TEXAS
8/11/2015 8:41:55 AM
CECILE FOY GSANGER
CLERK

No. **13-15-00220-CR**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
8/11/2015 8:41:55 AM
CECILE FOY GSANGER
Clerk

**IN THE COURT OF APPEALS
FOR THE THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI - EDINBURG, TEXAS**

---

**JORGE RAMIREZ,
Appellant**

**v.**

**THE STATE OF TEXAS,
Appellee**

---

*On appeal from the 156th Judicial District Court
of Live Oak County, Texas
In Cause No. L-04-0062-3-CR-B*

---

**APPELLANT'S BRIEF**

---

**Julie Balovich
Texas Bar No. 24036182
TEXAS RIOGRANDE LEGAL AID, INC.
BEE COUNTY REGIONAL PUBLIC
DEFENDER
331A North Washington
Beeville, Texas 78102
(361) 358-1925 (*phone*)
(361) 358-5158 (*fax*)
jbalovich@trla.org**

*Attorneys for Appellant*

# IDENTITY OF PARTIES AND COUNSEL

**APPELLANT**
Jorge Ramirez

**APPELLEE**
The State of Texas

**DEFENSE COUNSEL AT TRIAL**
Jessica Canter
Michelle Ochoa
TEXAS RIOGRANDE LEGAL AID, INC.
BEE COUNTY REGIONAL PUBLIC DEFENDER
331A North Washington
Beeville, Texas 78102

**STATE'S ATTORNEY AT TRIAL**
Jon W. West, Assistant District Attorney
111 S. St. Mary's St., Suite 203
Beeville TX 78102

**APPELLANT'S ATTORNEY ON APPEAL**
Julie Balovich
TEXAS RIOGRANDE LEGAL AID, INC.
BEE COUNTY REGIONAL PUBLIC DEFENDER
331A North Washington
Beeville, Texas 78102

**STATE'S ATTORNEY ON APPEAL**
Jose Aliseda (or his designated representative)
Live Oak County District Attorney's Office
111 St. Mary's St., Suite 203
Beeville, TX 78102

# TABLE OF CONTENTS

Identity of Parties and Counsel . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

Table of Contents. . . . . . . .. . . . . . . . . . . . . .. . . . . . .. . . . .. . . . . . . ii

Table of Authorities…….…………………………………………..iii

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Issues Presented . . . . . . . . .. . . . . . . . . . . . . .. . . . . .. . . . . . . 1

Statement regarding Oral Argument……………………………..… 2

Statement of Facts…………………………………………….. 2

Summary of Argument . . . . . . . . . . . . . . . . . . . . ..… . . . . . ..… 4

Argument and Authority . .. . . . . . . . . . . . . . . . . . . . . . . . ...4

Prayer …………………………………………………8

Certificate of Service……………………………………………..8

Certificate of Compliance …………………………………….. 9

# INDEX OF AUTHORITIES

**Cases**

*Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014)………………4, 7

*Camacho v. Samaniego*, 831 S.W.2d 804 (Tex. 1992)……………….…..4

*Price v. State*, No. 10-13-00403-CR, 2014 WL 4749075
    (Tex. App.—Waco, Sept. 18, 2014, no pet.) (mem. op.)..………...6

*Habib v. State*, 431 S.W.3d 737 (Tex. App.—Amarillo 2014, pet. ref'd.)….7

**Constitution and Statutes**

TEX. CODE CRIM. P,. art. 42.037…………………………………………6

TEX. CODE CRIM. P. art. 102.011…………………………………5, 6, 7

TEX. CODE CRIM. P. art. 103.002………………………………………..4

TEX. CODE CRIM. P. art. 102.011(b)…………………………………..7

**TO THE HONORABLE COURT:**

Appellant Jorge Ramirez submits this brief in support of his appeal.

## STATEMENT OF THE CASE

Appellant pled guilty to burglary of a building and was convicted and sentenced to two years confinement and a $1,000 fine; his sentence was suspended for four years and he was placed on community supervision. CR 51. The State moved to revoke his community supervision. CR 63. At his revocation hearing, Appellant pled true. 1 RR 7. The trial court revoked his community supervision and sentenced him to 180 days in state jail with credit for time served, the original $1,000 fine and $2,392.25 in court costs – specifically including the costs of a private transportation services to extradite him from out of state. 1 RR 22, CR 101. Appellant moved for a new trial on court costs only. CR 107. After a hearing, the trial court denied the motion. 2 RR 7; CR 112. This appeal followed.

## ISSUES PRESENTED

1. **In the absence of a statute that authorizes the court to assess as court costs reimbursement for the cost of a private transport service, did the trial court erroneously assess those costs against the defendant?**

2. **Is there a basis to support the assessment of court costs?**

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.


## STATEMENT OF FACTS

On December 1, 2004, Appellant Jorge Ramirez entered a plea agreement on the charge of burglary of a building. CR 14.  He pled guilty based upon the State's recommendation of a sentence of two years confinement in TDCJ State Jail Division suspended for four years while he was placed on community supervision. CR 41. Appellant's bond was forfeited on January 12, 2005 and an alias capias issued. CR 128.  On May 2, 2007, judgment was entered on the plea bargain agreement. CR 51.  On March 13, 2008, the State moved to revoke based upon a report from his supervision officer that Appellant had withdrawn himself from treatment on a weekend pass and did not return. CR 59-65.

On January 11, 2015, Appellant was arrested in Baldwin County, Alabama. CR 72.  Live Oak County Sheriff's Department hired the United States Prisoner Transport Service, a private company, to convey Appellant from the Baldwin County Jail in Bayminette, Alabama to the Live Oak County Jail. 1 RR 19.  At Appellant's revocation hearing, a sheriff's deputy testified that the Sheriff's Office contracts with this service "when we have

2

someone that's over normally 12, 15 hour drive for the deputies. Rather than us having two deputies out of county for that period of time we have this service pick the subjects up and bring them to us." 1 RR 19. The court admitted as evidence the invoice for the transport reflecting a cost of $1,630. 1 RR 21; State's Exh. 3. The State requested that amount be assessed as "restitution" to the Sheriff's Department. 1 RR 22. Based upon Appellant's plea of true, the trial court revoked his probation, sentenced him to State Jail for a period of 180 days with credit served including credit for his successful completion of SAF-P, and ordered that the original $1,000 fine be paid as well as court costs, including $1,630 for the transport service. 1 RR 22.

Appellant moved for a new trial to correct court costs, asserting that there was no statutory basis for the assessment of the private transport service and that the only applicable statute authorized an assessment based upon mileage. CR 107. A hearing took place on May 6, 2015. 2 RR 1. At the hearing, defense counsel introduced an internet-generated driving map showing that the distance Appellant was transported was 707 miles. 2 RR 3-4. CR 115. The trial judge denied the motion for new trial. 2 RR 6; CR 112.

## SUMMARY OF ARGUMENT

Only statutorily authorized court costs may be assessed against a criminal defendant. Article 102.011 requires a defendant convicted of a felony to pay a $50 service fee for the cost of execution of an arrest warrant and to pay the cost of an officer to travel to execute criminal process based upon a mileage calculation. In this case, the Live Oak County Jail used a private transport service and the trial court imposed the total out of pocket cost of that service as a court cost rather than use the mileage formula mandated by statute. Because the statute only authorizes travel expenses based upon mileage, the imposition of these court costs was in error and must be deleted and reformed.

## ARGUMENT AND AUTHORITY

**I.      The Legislature has not authorized the actual expense of extradition to be assessed as court costs.**

The Court of Criminal Appeals has affirmed that "[o]nly statutorily authorized court costs may be assessed against a criminal defendant." *Johnson v. State*, 423 S.W.3d 385, 389 (Tex. Crim. App. 2014); TEX. CODE CRIM. P. art. 103.002. Certain court costs are mandatory. *Johnson*, 423 S.W.3d at 389. The Legislature requires that these costs be imposed upon

4

conviction. *Id*. Because the costs are fixed by statutes that are published publicly in the laws of the State of Texas, the criminal defendant has constructive notice of them. *Id*.

"The only fees that the sheriff may collect in criminal matters are enumerated in Code of Criminal Procedure sections 102.001 and 102.011." *Camacho v. Samaniego*, 831 S.W.2d 804, 812 (Tex. 1992). Article 102.001 has been repealed. *Id*. Under article 102.011, a defendant convicted of a felony must pay certain fees for the services provided by peace officers in his case. TEX. CODE CRIM. P. art. 102.011. A defendant must pay $50 as a fee for the execution or processing of an issued warrant or capias. *Id*. art. 102.011(a)(2). In addition to these fees, the defendant must pay the cost of travel for an officer to execute or process an issued warrant and to return from performing that service based upon a calculation of 29 cents per mile. *Id*. art. 102.011(b). The Legislature prescribed specific rules for calculating mileage: "the officer must use the railroad or the most practical route by private conveyance." *Id.* The statute expressly applies to "conveying a prisoner arrested on a warrant or capias issued in another county to the court or jail of the county." *Id*. art. 102.011(b)(2).

Article 102.011 is the only statutory authorization for compensating peace officers for the cost of extradition and it simply does not authorize the

5

actual expense of using a private transport service. Had the Legislature intended to allow a law enforcement agency to recoup their actual cost of extradition by whatever means that agency chose to use, it would have stated so as it has done in other cases. *C.f.* TEX. CODE CRIM. P. art. 102.011(c) (requiring the defendant to pay "actual necessary expenses for travel by the most practical public conveyance" if an officer attaches a witness outside the county). Instead, the Legislature expressly chose to limit the costs that could be assessed against a defendant by imposing a fee per mile and requiring officers to calculate mileage by using the railroad or most practical route by private conveyance. *Id*. art. 102.011(b).

In sum, whether the Sheriff's Department had a rational reason for using the private transport service is immaterial. The agency is simply not permitted to recoup that expense from the defendant as court costs. *See Price v. State*, No. 10-13-00403-CR, 2014 WL 4749075, at *1 (Tex. App.—Waco, Sept. 18, 2014, no pet.) (memo. op.) (not designated for publication) (holding that a trial court erred in assessing transport fees for a bench warrant because the fee was not statutorily authorized).

Nor may the Sheriff's Department seek this cost as restitution. Reimbursement to the county is by definition not restitution. Restitution is defined as an amount paid to a victim to compensate him or her for injuries

6

or loss caused by the crime, or to a person or agency that compensated the victim. TEX. CODE CRIM. PROC. art. 42.037. Neither definition applies. Further, the amount was not attributed as restitution by the trial court in the judgment or the district clerk in the bill of costs. CR 99, 101.

.

## II. The court costs should be reformed to reflect the actual amount of permissible transport costs as permitted by statute.

In reviewing an assessment of court costs, this Court determines if there is a basis for the cost in the record and in the statute; traditional *Jackson* legal sufficiency principles do not apply. *Johnson*, 423 S.W.3d at 390; *Habib v. State*, 431 S.W.3d 737, 743 (Tex. App.—Amarillo 2014, pet. ref'd.)

The record reflects that the defendant was conveyed 707 miles to the county from which his capias had issued. CR 115. Thus, a Live Oak County officer would have been required to traverse 1,414 miles to convey him to the Live Oak County Jail. At 29 cents per mile, Appellant should have been assessed a total of $410.06 for his mileage. TEX. CODE CRIM. P. art. 102.011(b); *see Habib*, 431 S.W.3d at 743-44 (using mileage calculations to determine basis of transport services imposed as court costs). The $50 fee for processing the warrant or capias was already assessed in the court costs under "motion to revoke." CR 99.

7

Appellant asks this Court to reform the judgment by reducing the court costs to $1,172.85.[1]

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant prays that this Court reform the judgment for court costs and order the reformation of the judgment as requested above. Appellant prays for such other and further relief to which he may be entitled.

**/s/ Julie Balovich**
Julie Balovich

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing brief was served on Jose Aliseda, Live Oak County District Attorney, 111 St. Mary's St., Suite 203, Beeville, TX 78102 by electronic file manager on this 11th day of August, 2015 with a courtesy copy served on Edward Shaughnessy by same means.

**/s/ Julie Balovich**
Julie Balovich

---

[1] The trial court assessed $2,392.25 in court costs. CR 101. The difference between the charged transport fee of $1,630 and the amount Appellant contends could have been permissibly charged -- $410.60 – is $1,219.40. Subtracting $1,219.40 from $2,392.25 brings the court costs down to $1,172.85.

8

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with Texas Rule of Appellate Procedure 9.4. The computer-generated word count for this document is fewer than 2,500 words, including headers and footnotes.

**/s/ Julie Balovich**
Julie Balovich