**AFFIRMED and Opinion Filed June 14, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00679-CR
No. 05-18-00680-CR

**TIMOTHY LLOYD BOOTH, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 296-83462-2016 & 296-83459-2016**

# MEMORANDUM OPINION

Before Chief Justice Burns, Justice Whitehill, and Justice Partida-Kipness
Opinion by Justice Whitehill

A jury convicted appellant Timothy Lloyd Booth of one count of theft of $300,000 or more and one count of securities fraud involving $100,000 or more.  The trial court assessed punishment at sixty-eight years in prison on each count, concurrently.  In two issues, Booth argues that (i) the prosecution violated the Texas Constitution's Separation of Powers Clause and (ii) the trial court erred by sustaining the State's objections to certain evidence.  We conclude that Booth's issues were not preserved in the trial court and accordingly affirm.

## I. BACKGROUND

Because we resolve this case based on appellant's failure to preserve error, we abbreviate our factual summary. *See* TEX. R. APP. P. 47.4 (a memorandum opinion should be "no longer than necessary to advise the parties of the court's decision and the basic reasons for it").

According to appellant's brief, he is a businessman who co-founded two companies, TenList and StaMedia. While appellant was promoting StaMedia across the country, he "got ahead of himself" and began spending "exorbitantly on himself and his family." A government investigation caused the enterprise to collapse, leaving a company "with millions of dollars of investments, no source of revenue, and millions of dollars already paid out to its founders, some of which was spent conspicuously on luxury goods."

The indictments accused appellant of stealing and defrauding investors out of millions of dollars. In closing arguments, the State characterized appellant's conduct as a Ponzi scheme.

Appellant was convicted of theft and securities fraud, and he was sentenced to sixty-eight years in prison on each count.

## II. ANALYSIS

**A.**  **Issue One: Did the State violate the Texas Constitution's Separation of Powers Clause by allowing lawyers from the State Securities Board to "handle the entire prosecution" of the State's case?**

Appellant's first issue argues that the State violated the Separation of Powers Clause, TEX. CONST. art. II, § 1, because lawyers from the State Securities Board—an executive agency—controlled this prosecution instead of the Collin County District Attorney's Office—part of the judicial branch.

The State responds, among other things, that appellant failed to preserve his first issue in the trial court. Appellant does not dispute that he did not raise a separation of powers argument in the trial court.

We conclude that appellant failed to preserve his first issue.

"Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (footnote omitted). "If an issue has not been preserved for appeal, neither the court of appeals nor [the court of criminal appeals] should address the merits of that issue." *Id.* (footnote omitted). Typically, error must be preserved by a timely request, objection, or motion in the trial court, followed by either a ruling or a refusal to rule by the trial court. *See* TEX. R. EVID. 33.1(a). These requirements serve the important purposes of (i) giving the trial court an opportunity to correct the problem and (ii) giving the opposing party an opportunity to respond, if necessary. *See Thomas v. State*, 408 S.W.3d 877, 884 & n.36 (Tex. Crim. App. 2013).

Although some rights cannot be forfeited and others can be forfeited only by express waiver, *see Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017), appellant does not argue that the Separation of Powers Clause is unforfeitable or can be forfeited only by express waiver. Indeed, he acknowledges that two appellate courts have held that a separation of powers argument must be preserved by objection in the trial court. *See Gamble v. State*, No. 02-13-00573-CR, 2015 WL 221108, at *4 (Tex. App.—Fort Worth Jan. 15, 2015, pet. ref'd) (per curiam) (mem. op., not designated for publication); *Boone v. State*, 60 S.W.3d 231, 236 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd); *cf. Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("[A]lmost all error—even constitutional error—may be forfeited if the appellant failed to object.") (footnote omitted). The *Gamble* court noted that there is an exception for facial challenges to a penal statute, 2015 WL 221108, at *4, but appellant does not make such a challenge here. Instead, appellant argues that he was excused from objecting because it was impossible for him to object until the entire prosecution had concluded.

We disagree with appellant's impossibility argument. He complains that the State Securities Board lawyers involved in the case (i) signed "seemingly every document filed by the

State" before trial and (ii) are the only lawyers shown in the reporter's record as representing the State at trial. Even if we assume that the separation of powers violation was not complete until the trial ended (a question we do not decide), appellant does not explain why he could not have raised his separation of powers argument in a motion for new trial. *See Berryhill v. State*, No. 05-13-01605-CR, 2014 WL 5858602, at *2 (Tex. App.—Dallas Nov. 12, 2014, no pet.) (mem. op., not designated for publication) ("Generally, when a defendant does not have an opportunity to object, he must file a motion for new trial to preserve error for appellate review."); *Habib v. State*, 431 S.W.3d 737, 741 (Tex. App.—Amarillo 2014, pet. ref'd) (observing that defendant could have preserved complaint about denial of closing argument by new trial motion if he had no opportunity to object during trial).

Moreover, an objection by a new trial motion or otherwise was essential to allow the State to adduce evidence relevant to the separation of powers question, such as evidence about the district attorney's involvement in and ultimate control of the case. *See Villarreal v. State*, 504 S.W.3d 494, 505–07 (Tex. App.—Corpus Christi–Edinburg 2016, pet. ref'd) (undertaking close factual review to determine whether district attorney maintained ultimate supervisory authority over the prosecution), *cert. denied*, 138 S. Ct. 398 (2017). Because appellant did not raise the separation of powers argument below, the record is undeveloped on the critical facts, and the State cannot now develop them.

We conclude that appellant forfeited his first issue by failing to preserve it in the trial court.

**B.      Issue Two:  Did the trial court err by sustaining the State's objection to appellant's testimony that he acted on the advice of his civil attorneys?**

Appellant's second issue complains about the exclusion of his own testimony offered in response to the State's questions during cross-examination. The State responds, among other things, that appellant failed to preserve error. We agree with the State's failure to preserve argument.

**1.      Pertinent Facts**

The relevant parts of appellant's cross-examination testimony follow:

Q.      And what do you think you did with these investors' money?

A.      We took advances, Mr. Barron, that our attorneys said were—

The State:      Objection, nonresponsive.

The Court:      Sustained.

. . . .

Q.      Again, let me ask you this.  What made you think that you could take these investors' funds and use it for your own personal benefit?  And I am not asking what your attorneys told you or anyone else.  I am asking why you thought so.

Appellant:      I'm sorry, Your Honor, the answer is the same.

The Court:      Okay.  Go ahead.

A.      That we checked with our attorneys—

The State:      Objection, nonresponsive.

The Court:      Overruled.  Go ahead.

A.      Our attorneys said that we could and memorialize the loans or advances later.

The State:      Objection.  He is trying to establish a mistake of law, a mistake of fact defense; and he can't do that.

The Court:      Sustained to that.

. . . .

Q.      Let me ask you this.  How do you justify taking Ms. Ortiz' money and the other investors whose money wound up in your own personal bank account?  How do you justify that?

Appellant:      Your Honor—

The Court:      What?

Appellant:      It is the same answer.  We had direction.

The Court:      Answer the question.  The lawyers will take care of the rest.

A.      Mr. Balestri at Bell Nunnally—

The State:      Objection, we are going to get off into another mistake of fact defense here. I am going to object to it, Judge.

The Court:      Okay, I understand.

Q.      The bottom line is, Mr. Booth, you really can't justify any of this, can you?

A.      Yes, I can, by the reasons I gave you. Except for spending too early, absolutely.

### 2.    Applicable Law

Texas Rule of Appellate Procedure 33.1 requires the appellant to have presented his complaint to the trial court in a timely request, objection, or motion that "stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1(a)(1)(A).

The court of criminal appeals has further explained what the proponent of excluded evidence must to do to preserve error under Rule 33.1(a)(1)(A). "[I]t is not enough to tell the judge that evidence is admissible. The proponent, if he is the losing party on appeal, must have told the judge why the evidence was admissible." *Reyna v. State*, 168 S.W.3d 173, 177 (Tex. Crim. App. 2005). The party must do everything necessary "to bring to the judge's attention the evidence rule or statute in question and its precise and proper application to the evidence in question." *Id.* (internal quotations and footnote omitted). The court further held that Reyna's vague arguments for admissibility in the trial court did not preserve an argument that the Confrontation Clause entitled him to have the evidence admitted. *Id.* at 179–80.

The court reiterated the *Reyna* rule last year in *Golliday v. State*: "As was the case in *Reyna*, Appellant was responsible for preserving the error he sought to raise on appeal by specifically articulating the legal basis for his proffer at trial." 560 S.W.3d 664, 669 (Tex. Crim. App. 2018) (footnote omitted).

Thus, to preserve error, appellant had to inform the trial court specifically why his advice of counsel testimony was admissible.

### 3. Applying the Law to the Facts

On appeal, appellant argues that his testimony about the advice of counsel was admissible because it was relevant to whether appellant (i) intended to deprive the investors of their investments and (ii) intentionally failed to disclose material facts. He also suggests that he was entitled to present "all the relevant surrounding facts and circumstances of the charged offense[s]."

But the reporter's record shows that appellant's counsel did not respond to the State's objections and, thus, did not proffer any legal reason his advice of counsel testimony was admissible over the State's objections. Under *Reyna* and *Golliday*, therefore, appellant failed to preserve error.

Citing Texas Rule of Evidence 103, appellant argues that he did not forfeit error because the excluded testimony's substance was apparent from the context. But Rule 103's offer of proof requirement is independent of Rule 33.1's requirement that complaining party must inform the trial court of the basis for admissibility. *Golliday*, 560 S.W.3d at 668–69.

Appellant did not present the trial court with any legal basis that made his testimony about counsel's advice admissible. Accordingly, we conclude that he failed to preserve his second issue in the trial court. *See Ford*, 305 S.W.3d at 532 (appellate courts should not address unpreserved issues).

### III. Conclusion

We overrule appellant's issues and affirm the trial court's judgments.

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

Do Not Publish
Tex. R. App. P. 47.2(b)
180679F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIMOTHY LLOYD BOOTH, Appellant

No. 05-18-00679-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-83462-2016.
Opinion delivered by Justice Whitehill.
Chief Justice Burns and Justice Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 14, 2019



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

TIMOTHY LLOYD BOOTH, Appellant

No. 05-18-00680-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-83459-2016.
Opinion delivered by Justice Whitehill.
Chief Justice Burns and Justice Partida-Kipness participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered June 14, 2019