

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00206-CR

**MICHELLE SHIRCLIFF,**

**Appellant**

v.

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2015-1821-C1

## OPINION

Appellant, Michelle Shircliff, was charged by indictment with unlawful possession of a controlled substance, methamphetamine, in an amount less than one gram—a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115. Appellant entered an open plea of guilty without the benefit of a plea bargain.

At a subsequent hearing, the trial court accepted appellant's guilty plea, found her guilty, and sentenced her to fifteen months' incarceration in the State Jail Division of the

Texas Department of Criminal Justice. The trial court certified appellant's right of appeal,

and this appeal followed. We affirm the trial court's judgment as modified.

## Pertinent Procedural Background

- Appellant's appointed counsel has filed a motion to withdraw and what we now call an *Allison* brief in support of the motion asserting that he has diligently reviewed the appellate record and that, in his opinion, the appeal is frivolous. *See Allison v. State*, 609 S.W.3d 624, 628 (Tex. App.—Waco 2020, order).

- In his *Allison* brief, appellant's appointed counsel did not raise any potential reversible error, but he did present several nonreversible errors in the judgment.

- In his motion to withdraw, appellant's appointed counsel indicated that he provided appellant with a copy of the motion to withdraw and the *Allison* brief, and he provided appellant with a copy of the record, as well as instructions regarding how to continue this appeal *pro se* and her right to file a petition for discretionary review.

- Appellant has not filed a *pro se* response.

- The State has indicated that it will not file a response to appointed counsel's *Allison* brief.[1]

Counsel's brief evidences a professional evaluation of the record for error and

compliance with the other duties of appointed counsel. We conclude that counsel has

performed the duties required of appointed counsel. *See Anders v. California*, 386 U.S. 738,

744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967); *see also Kelly v. State*, 436 S.W.3d 313, 319-

20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

---

[1] In this appeal, appellant's original appointed counsel filed a brief on the merits raising the same errors that are raised in new appointed counsel's *Allison* brief. The State filed a responsive brief to original appointed counsel's brief on the merits. In a letter dated March 10, 2022, the State indicated that it will not file a response to new appointed counsel's *Allison* brief, but rather will rely on the brief that was filed in response to original appointed counsel's brief on the merits.

In reviewing an *Anders* appeal, we must "after a full examination of all the proceedings . . . decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see Penson v. Ohio*, 488 U.S. 75, 82-83, 109 S. Ct. 346, 351, 102 L. Ed. 2d 300 (1988); *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991). An appeal is "wholly frivolous" or "without merit" when it lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10 (1988). After a review of the entire record in this appeal, we have determined that the appeal is wholly frivolous, meaning that there is no reversible error in this record. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005); *see also Cummins v. State*, No. 10-21-00303-CR, ___ S.W.3d ___, 2022 Tex. App. LEXIS 3232, at *26 (Tex. App.—Waco May 11, 2022, pet. filed). Counsel's motion to withdraw from representation is granted.

**Nonreversible Error Detected**

Despite finding no reversible error, appointed counsel has presented several nonreversible errors that we recognize as Category 2 nonreversible errors that are unpreserved, but not subject to procedural default. *See London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016); *Johnson v. State*, 423 S.W.3d 385, 390-91 (Tex. Crim. App. 2014); *see also Cummins*, ___ S.W.3d ___, 2022 Tex. App. LEXIS 3232, at **17-18.

Specifically, counsel asserts that the judgment and bill of costs should be modified to delete the $180 DPS lab fee, the time-payment fee, and the fugitive-apprehension fee. We first address appellant's complaint about the portion of the trial court's judgment that

assessed $180 as reparations to the Texas Department of Public Safety for a DPS lab fee. Specifically, the $180 fee is listed in the judgment as "Restitution/Reparation," and the judgment stated that appellant "[be] required to make full reparation in the amount of $180.00 . . . in favor of the Texas Department of Public Safety . . . ." The characterization of this fee is important regarding how we review appointed counsel's brief. If the $180 fee is indeed restitution, it is a part of the sentence, and counsel's brief is really a brief on the merits. *See Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (stating that an order of restitution must be contained in the trial court's oral pronouncement of sentence in order to be included in the written judgment); *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006) (noting that "restitution is punishment"); *see also Hines v. State*, Nos. 10-13-00286-CR & 10-13-00292-CR, 2014 Tex. App. LEXIS 5768, at *4 (Tex. App.—Waco May 29, 2014, pet. ref'd) (concluding that appointed counsel's *Anders* brief was really a brief on the merits). As such, appellant would not be entitled to an independent review of the record under *Anders*. *See Hines*, 2014 Tex. App. LEXIS 5768, at *4.

On the other hand, if the $180 fee is more in the nature of a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case, then appellant's brief is an *Allison* brief, thus entitling her to an *Anders* review for reversible error and a merits review of the alleged nonreversible error. *See Allison*, 609 S.W.3d at 628; *see also Cummins*, 2022 Tex. App. LEXIS ____, at * ___. This is where we begin our analysis of the $180 fee.

In August 2021, a majority of the panel, including a visiting justice, concluded that extradition expenses and unpaid community-supervision fees that were listed in the judgment as "restitution" should be deleted because they were a part of the punishment and were not orally pronounced on the record. *See Smith v. State*, 640 S.W.3d 885, 885 (Tex. App.—Waco 2021, pet. ref'd).

In a dissenting and concurring opinion, Justice Johnson concluded that, regardless of the characterization in the judgment, if an assessed fee is in the nature of reimbursement or "a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case," then the assessed fee is not part of punishment and need not be orally pronounced.[2] *Id.* at 886-87 (Johnson, J., concurring) (citing *Allen v. State*, 614 S.W.3d 736, 744 (Tex. Crim. App. 2019); *Johnson*, 423 S.W.3d at 389; *Weir v. State*, 278 S.W.3d 364, 366-67 (Tex. Crim. App. 2009); *Washington v. State*, 594 S.W.3d 784, 789 (Tex. App.—Waco 2019, no pet.); *Jackson v. State*, 565 S.W.3d 900, 909-10 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd); *Habib v. State*, 431 S.W.3d 737, 743 (Tex. App.—Amarillo 2014, pet. ref'd). Rather, the assessed fee is a court cost. *Id.* at 887.

The dissent further noted that the Court of Criminal Appeals has stated that restitution is punitive in nature and that the purpose of restitution is to restore the victim

---

[2] Indeed, the fact that the fee was not orally pronounced ought to be at least some indicia that the trial judge did not intend for the fee to be considered restitution, but rather as a court cost. *See Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014) (noting that an order of restitution must be contained in the trial court's pronouncement of sentence in order to be included in the written judgment).

of a criminal offense to the "status quo ante" position he was in before the offense. *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 42.037(a); *Burt v. State*, 445 S.W.3d 752, 756 (Tex. Crim. App. 2014); *Weir*, 278 S.W.3d at 366).

We believe that the $180 DPS lab fee is not restitution or reparations, but rather a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of the case. This is especially true because the $180 DPS lab fee is not designed to restore any victim of the criminal offense to the "status quo ante" position he was in before the offense; rather, it is intended to reimburse DPS for the cost of laboratory testing. *See id.* Thus, we conclude that the $180 DPS lab fee is a court cost, which is nonreversible error that does not impact appellant's punishment, and to that extent, our decision in *Smith* is overruled. *See, e.g., Smith*, 640 S.W.3d at 885. As such, new appointed counsel's brief was properly filed as an *Allison* brief. *See Allison*, 609 S.W.3d at 628.

With respect to the merits of whether the $180 DPS lab fee was validly assessed, both appellant and the State argue that this amount should be deleted from the judgment because appellant was sentenced to confinement and was not placed on community supervision. *See Aguilar v. State*, 279 S.W.3d 350, 353 (Tex. App.—Austin 2007, no pet.) ("A trial court can also order a defendant to pay lab fees, but only as a condition of community supervision." (citation omitted)); *see also Ortega v. State*, No. 11-19-00081-CR, 2021 Tex. App. LEXIS 5427, at *2 (Tex. App.—Eastland July 8, 2021, no pet.) (mem. op. on remand, not designated for publication) ("Although a trial court has authority to assess

DPS lab fees as a condition of community supervision, a trial court has no authority to assess DPS lab fees when a defendant is sentenced to imprisonment." (citations omitted)). We agree. Accordingly, we modify the trial court's written judgment to delete the $180 "reparation" for the DPS lab fees. *See* TEX. R. APP. P. 43.2(b); *see also Taylor*, 131 S.W.3d at 502; *Alexander*, 301 S.W.3d at 364.

Regarding the time-payment fee, the Court of Criminal Appeals has recently held that the pendency of an appeal stops the clock for purposes of the time-payment fee. *Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Consequently, the assessment of the time-payment fee in this case is premature and should be struck in its entirety. *See id.* We therefore modify the trial court's judgment and the bill of costs to delete the time-payment fee of $25, without prejudice to a time-payment fee being assessed later "if, more than 30 days after the issuance of the appellate mandate, [appellant] has failed to completely pay any fine, court costs, or restitution that [she] owes." *Id.*

Next, with respect to the fugitive-apprehension fee, we note that, in the itemized bill of costs, a "FCRM" fee in the aggregate amount of $224 was imposed. Included in the aggregated "FCRM" fee is a $5.00 fugitive-apprehension fee. We are unable to find a statutory provision authorizing this fee. Former article 102.019 of the Texas Code of Criminal Procedure provided for costs on conviction for fugitive apprehension. *See* Act of September 1, 1997, 75th Leg., R.S., ch. 1100, § 3, 1997 Tex. Gen. Laws 1100 (repealed 2004). However, article 102.019 of the Texas Code of Criminal Procedure was repealed,

effective January 1, 2004. Because there is no statutory authorization for the fugitive-apprehension fee, we modify the judgment and the bill of costs to delete the $5.00 fugitive-apprehension fee contained within the "FCRM" fee. *See Hurlburt v. State*, 506 S.W.3d 199, 204 (Tex. App.—Waco 2016, no pet.) (deleting an extradition fee because there was no statutory authorization for the fee and reducing the jury reimbursement fee to correspond with the amount authorized by statute).

## Conclusion

In light of the foregoing, we modify the trial court's judgment to delete:  (1) the $180 "reparation" for the DPS lab fees; (2) the $5 "Fugitive Apprehension" fee; and (3) the $25 time-payment fee.  The trial court's judgment is affirmed as modified.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
(Chief Justice Gray concurring)
Affirmed as modified
Opinion delivered and filed September 21, 2022
Publish
[CR25]

